UNITED STATES, Appellee

v.

John C. MOULTAK, Captain U.S. Marine Corps, Appellant.

No. 54,325.
NMCM 84 3695.

U.S. Court of Military Appeals.

July 27, 1987.

⊚═681

For Appellant: *Lieutenant J. Cunyon Gordon, JAGC, USN* (on brief).

For Appellee: *Captain Carl H. Horst, JAGC, USN and Lieutenant Larry D'Orazio, JAGC, USNR* (on brief); *Lieutenant David O. Vollenweider, III, JAGC, USNR.*

PER CURIAM:

Appellant stands convicted of wrongfully fraternizing with an enlisted woman, obstructing justice, and violating a lawful general regulation, in violation of Articles 133, 134, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 933, 934, and 892, respectively. The affirmed sentence extends to dismissal, restriction to limits for 60 days and partial forfeitures for 120 months. We granted appellant's petition for review to determine whether his conduct was prohibited by the regulation.* Finding that it is, we affirm.

Appellant, a commissioned officer, became enamored of an enlisted woman and, in the course of their relationship, assisted her to purchase an automobile. The woman Marine in question, Lance Corporal (LCPL) C, testified that the cost of the vehicle was slightly over $9,000.00. She supplied $500.00 towards a down payment of $2,000.00, and appellant furnished the remainder. In addition, LCPL C contributed $200.00 towards the first monthly payment of $269.59 but made no other payments for the purchase price of the car. LCPL C regarded the vehicle as a gift, although both her name and appellant's were on the loan documents and the registration.

The Government charged that this transaction violated Article 1131.1 of U.S. Navy Regulations (1973), which provides:

No officer shall borrow money or accept deposits from, or have any pecuniary dealings with an enlisted person, except as may be required in the performance of his duty, and except for the sale of an item of personal property which is for sale to other persons under the same conditions of guarantee and for same consideration, and never having been the property of a government.

Here, appellant renews the unsuccessful argument he used before the court below (21 M.J. 822, 831) that his conduct in this matter did not violate the regulation because of the absence of coercion, intimidation, or abuse of rank. He asserts that the regulation, like a penal statute, should be narrowly construed, and he would have us read a requirement of overbearing or intent to gain financial advantage into the regulation. As a secondary argument, appellant contends that the regulation is overbroad and, thus, denies him due process of law.

The term "pecuniary" as used herein is not defined by the regulation. In the absence of any contrary indication, we must apply its ordinary definition, which is: "pertaining to or consisting of money." *The Random House College Dictionary* 978 (Rev. ed. 1980). Therefore, the reasonable interpretation of this regulation is that it prohibits any monetary transaction between an officer and an enlisted person except as provided therein.

■ Appellant argues that this Court should adopt a construction which is premised on the *Standards of Conduct and Government Ethics,* Secretary of the Navy Instruction (SECNAVINST) 5370.2H, 32 C.F.R. § 721, *et seq.,* a regulation having similar standing within the Naval Service. The *Standards* have a specific proscription (para. 6e) against any "commercial solicitations or sales to" servicemembers "who are junior in pay grade, or position." The stated purpose of that provision is to eliminate the appearance of pressure due to disparity in rank. By contrast, the instant regulation prohibits *all* monetary dealings, except those specifically enumerated, between two classes of personnel within the Naval Ser-

* The granted issue is:
WHETHER APPELLANT'S PECUNIARY DEALINGS WITH LCPL C ARE OF THE KIND SOUGHT TO BE PROSCRIBED BY AR-

TICLE 1131.1 *U.S. NAVY REGULATIONS, 1973* WHERE NO DURESS OR PERSONAL GAIN IS INVOLVED.

vice. Since the plain meaning of the words does not require overbearing or abuse of position, and there is no ambiguity in the language, we are not inclined to read such a requirement into it.

■ We believe that the views of the service Courts of Military Review deserve some consideration in cases such as this. *Cf. United States v. Johanns,* 20 M.J. 155 (C.M.A.), *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985). The Court of Military Review considered essentially the same argument and concluded that all transactions not enumerated were forbidden. Such an interpretation of a matter so unique to those who are in the military is persuasive where it is not overridden by considerations which affect the uniformed services as a whole. In this case, we do not perceive anything requiring a different conclusion due to uniform interpretation of the Code.

■ Appellant's argument that the regulation is overbroad is also without merit. The regulation has reasonable limits within its four corners. It is true that it imposes extreme limits on the conduct of officers.

However, we have long believed that an officer may be held to higher standards of behavior and subjected to more stringent punishments for his violations of the Code than an enlisted member. *United States v. Means,* 10 M.J. 162 (C.M.A.1981); *see also United States v. Scott,* 21 M.J. 345, 350 (C.M.A.1986) (Cox, J., concurring).

■ There is no doubt of the constitutionality of such a classification. *Cf. Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d. 439 (1974). Therefore, we hold that it is within the discretion of the Secretary of the Navy to prohibit his officers from engaging in financial transactions with enlisted members, without regard to motive. In light of these considerations, we conclude that, when he entered into this financial arrangement with an enlisted person, appellant did, in fact, commit an act prohibited by Article 1131.1, and his trial and punishment by court-martial for such conduct was appropriate.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.