UNITED STATES, Appellee,

v.

Wayne A. MARACLE, Airman, U.S. Air
Force, Appellant.

No. 56,714.

ACM 25268.

U.S. Court of Military Appeals.

Sept. 26, 1988.

---

For Appellant: *Captain Laurence M.
Soybel* (argued); *Colonel Leo L. Sergi* (on
brief); *Captain Deborah J. Hudspeth.*

For Appellee: *Captain Jeffrey H. Curtis*
(argued); *Colonel Joe R. Lamport* and
*Lieutenant Colonel Robert E. Giovagnoni*
(on brief); *Major David F. Barton* and
*Captain Marc Van Nuys.*

*Opinion of the Court*

SULLIVAN, Judge:

On January 15, 16, and 17, 1986, appel-
lant was tried by a general court-martial
composed of members at Mather Air Force
Base, California. Contrary to his pleas, he
was found guilty of rape of a female ser-
vicemember and unlawful entry of her bar-
racks room, in violation of Articles 120 and
134, Uniform Code of Military Justice, 10
U.S.C. §§ 920 and 934, respectively. He
was sentenced to a dishonorable discharge,
confinement and forfeiture of $350 pay per
month for 4 years, and reduction to the
lowest enlisted grade. The convening au-
thority approved this sentence, and the
Court of Military Review affirmed in a
short-form opinion.

This Court granted review on the follow-
ing question of law:

WHETHER THE MILITARY JUDGE
ERRED IN NOT ALLOWING THE DE-
FENSE TO PUT THE SENTENCE OF
THE PRIOR COURT–MARTIAL FOR
DESERTION AND WRONGFUL AP-
PROPRIATION INTO EVIDENCE
DURING SENTENCING.

We hold that the military judge erred in
this ruling but such error was harmless in
view of other actions he took in this case.
Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

The parties to this appeal agree as to the facts giving rise to the granted issue. Appellant notes these facts in his final brief.

The appellant was originally tried on ,1–3 June 1983 by general court-martial at Mather Air Force Base, California, for rape, assault, and unlawful entry. He pled not guilty to all charges and specifications and was found guilty only of rape and unlawful entry. After the findings were announced, but prior to sentencing, the appellant departed Mather Air Force Base and remained absent until 17 October 1985. In his absence, he was sentenced to be dishonorably discharged from the service, to be confined for ten years, to forfeit $500.00 pay per month for ten years and to be reduced to the grade of E–1.

After trial, the record of trial was discovered to have substantial omissions in both findings and sentencing arguments. For that reason, on 18 May 1984, the convening authority disapproved the findings of guilty and the sentence and ordered a rehearing to try Charges I and III, and the specifications thereunder, before another court-martial.

(Record citations omitted.)

The retrial of these charges is the court-martial now under review. Prior to this court-martial, appellant was brought before another court-martial on charges of desertion and wrongful appropriation of a motor vehicle, in violation of Articles 85 and 121, UCMJ, 10 U.S.C. §§ 885 and 921, respectively. On January 15, 1986, he pleaded guilty and was found guilty of these offenses. He was sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to E–1. These offenses stemmed from appellant's conduct after he was found guilty but before he was sentenced at the court-martial in 1983.

At the court-martial presently under review, trial counsel offered a Report of Result of Trial, dated January 15, 1986, to show appellant's conviction earlier that day for desertion and wrongful appropriation. The adjudged sentence was masked on the exhibit. Defense counsel did not object to this evidence but stated that he intended to bring out the specifics of the adjudged sentence during his own case. He stated that this evidence would have an impact on the sentence received at this court-martial because it was mitigation evidence which had some bearing on appellant's rehabilitation potential and might furnish grounds for clemency.

The military judge held:

I will not allow the defense to go into the specifics of the sentence. It has been brought, of course, before the court that the accused was tried of the offense and convicted of the offense. And I will allow the defense to argue that he is pending an amount of jail time, possibly even an appreciable amount of jail time, in terms of rehabilitation potential, since that seems to be the thrust of the reason why you wish it. But I don't see any reason to go into the specifics of what the actual sentence imposed was, and I will not allow that.

We're dealing here with separate offenses and separate proceedings, and the details of the accused's sentence in the prior proceedings are really irrelevant to these.

———

Trial counsel offered the record of appellant's earlier court-martial as a matter which would aid the court in determining an appropriate sentence. See R.C.M. 1001(a)(1)(A)(iii) and (b)(3), Manual for Courts-Martial, United States, 1984. He masked the sentence because of "the possible prejudicial effect that" it might have on the members. The defense did not initially object to admission of the masked document, but, later, it did object to admission of this record in "incomplete" form. This objection was lodged after the military judge refused to let the defense introduce its own evidence of the sentence received at the earlier court-martial.

We conclude that the military judge erred in ruling that the fact of the sentence at the earlier court-martial was irrelevant

because it concerned "separate offenses and separate proceedings." *See generally* Mil.R.Evid. 401 and 402, Manual, *supra.* Under this broad rationale, the findings of guilty at the earlier court-martial evidenced by the prosecution would also be irrelevant. In any event, it simply ignores the facts that both courts-martial occurred at the same command, the earlier proceeding concluded on the very day the later court-martial began, and the earlier court-martial concerned offenses which emanated from the charges addressed at the later court-martial. Surely, the earlier court-martial and its sentence had some bearing on the later court-martial in terms of appellant's circumstances at the time of trial and his chances for rehabilitation. *United States v. Mack,* 9 M.J. 300, 319 (C.M.A.1980). *See United States v. Wright,* 20 M.J. 518, 521 (A.C.M.R.), *pet. denied,* 21 M.J. 309 (1985); R.C.M 1001(c)(1)(B). Moreover, basic considerations of fairness require that if the members be informed that appellant committed prior crimes for purposes of sentencing, they also should be informed how he was punished for them. Mil.R.Evid. 106.

Nevertheless, this error by the military judge did not prejudice appellant. The judge expressly permitted "the defense to argue" at this court-martial "that he is pending an amount of jail time, possibly even an appreciable amount of jail time, in terms of rehabilitation potential." The judge also instructed the members, upon defense request, "that ... court-martial sentences run consecutively and not concurrently." Finally, defense counsel did argue at appellant's sentencing hearing that "[h]e is now facing a sentence [o]n the desertion charge. When you add a year on top of all of that, this is sufficient punishment for Airman Maracle." These circumstances substantially ameliorate any prejudice appellant might have suffered from a failure to disclose the particulars of his earlier court-martial sentence.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.