UNITED STATES, Appellee,

v.

Mark P. ARIAIL, Specialist,
U.S. Army, Appellant.

No. 97–0413.
Crim.App. No. 9501908.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 13, 1998.

Decided Aug. 27, 1998.

For Appellant: *Captain Paul J. Perrone, Jr.* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters,* and *Major Leslie A. Nepper* (on brief); *Captain John M. Head.*

For Appellee: *Captain Chris A. Wendelbo* (argued); *Colonel Joseph E. Ross* and *Lieutenant Colonel Frederic L. Borch, III* (on brief); *Major Virginia G. Beakes.*

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted of operating a motor vehicle without a license, making a false official statement, damaging personal property, larceny (2 specifications), and making a false claim (2 specifications), in violation of Articles 92, 107, 109, 121, and 132, Uniform Code of Military Justice, 10 USC §§ 892, 907, 909, 921, and 932, respectively. The judge sentenced appellant to a bad-conduct discharge, 2 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. Acting pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 8 months. The Court of Criminal Appeals affirmed the findings and sentence.

We granted review of the following issue raised by appellate defense counsel:

WHETHER THE MILITARY JUDGE ERRED WHEN HE ADMITTED, OVER DEFENSE OBJECTION, DD FORM 398–2, NATIONAL AGENCY QUESTIONNAIRE (PROSECUTION EXHIBIT 3), WHICH THE GOVERNMENT OFFERED AS PRIOR CONVICTIONS OF APPELLANT, WHICH WERE NOT CONVICTIONS UNDER THE CONTROLLING STATE LAW.

We also specified the following issue:

WHETHER THE STAFF JUDGE ADVOCATE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE CONCEDED THAT APPELLANT HAD BEEN IMPROPERLY REDUCED PRIOR TO THE ACTION OF

THE CONVENING AUTHORITY BUT, IN EFFECT, STATED THAT NO CORRECTIVE ACTION WAS REQUIRED. With respect to the granted issue, we hold that the military judge did not abuse his discretion in admitting Prosecution Exhibit (PE) 3.* With respect to the specified issue, the Government concedes administrative error. Thus, corrective action must be taken.

### FACTS

At trial, the prosecutor sought to introduce appellant's Department of Defense (DD) Form 398–2, National Agency Questionnaire, marked PE 3, as part of appellant's personnel record. The judge overruled trial defense counsel's objection, which was based on RCM 1001(b)(2), Manual for Courts–Martial, United States (1995 ed.), and paragraph 5–26(a), Department of the Army Regulation (AR) 27–10 (8 August 1994).

Paragraph 18 of appellant's DD Form 398–2, PE 3, provides, in part, as follows:

| 18. ARRESTS * * * * * | | | | |
|---|---|---|---|---|
| a. Have you ever been arrested, charged, cited, held, or detained by Federal, State, or other law enforcement or juvenile authorities regardless of whether the charge was dropped or dismissed or you were found not guilty? | | | | |
| b. List details of "Yes" answers | | | | |
| (1) Date (YYMMDD) | (2) Nature of Offense or Violation | (3) Name and Location of Law Enforcement Agency (City and State) | (4) Name and Location of Court/Magistrate (City and State) | (5) Penalty Imposed or Other Disposition in Each Case |
| 9003 | Speeding | GA State Patrol Douglas City, GA | Mail in Fine | Pd Fine $65.00 |
| 9009 | Improper Lane Change | Villarick, [sic] GA | Villarick, [sic] Police Dept | Pd Fine $35.00 |
| 900913 | No Helmet | Lawrenceville, P.D. Lawrenceville, GA | | $70.00 Fine Paid |
| 900913 | .... Wrong class lic | Lawrenceville, P.D. Lawrenceville, GA | | Nolo $200 Fine Paid |
| 900913 | Driv w/susp lic | Lawrenceville, P.D. Lawrenceville, GA | | Nolo $200 Fine Paid |
| 900905 | Bench Warrant Arrest | | | |

PE 3 lists the judgments and sentences, including fines, entered against appellant. Two of these were pleas of *nolo contendere*. Appellant did not claim the information was incorrect or inaccurate. In fact, he had completed the form personally and signed it prior to its being entered into his personnel file.

### DISCUSSION

RCM 1001(b)(1)–(3) allows the prosecution to introduce into evidence service data from the charge sheet, personal data properly kept pursuant to service regulations, and prior convictions of an accused. RCM 1001(b)(2) states:

*Personal data and character of prior service of the accused.* Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused ... copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary actions including punishments under Article 15.

"Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused. If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived.

* *See United States v. Sullivan,* 42 MJ 360, 363 (1995).

Paragraph 5–26(a), AR 27–10, provides in relevant part:

> For purposes of R.C.M. 1001(b)(2) and (d), trial counsel may, in the trial counsel's discretion, present to the military judge (for use by the court-martial members or military judge sitting alone) copies of any personnel records that reflect the past conduct and performance of the accused, made or maintained according to departmental regulations. Examples of personnel records that may be presented include—
>
> (1) DA Form 2 (Personnel Qualification Record—Part I), DA Form 2A (Personnel Qualification Record—Part I—Enlisted Peacetime), and DA Form 2–1 (Personnel Qualification Record—Part II).

█ The fact that PE 3 may not meet the criteria for admission under RCM 1001(b)(3) as a prior conviction, *cf. United States v. White,* 47 MJ 139 (1997), does not prevent its admission under RCM 1001(b)(2) if relevant and reliable.

> [T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case. It would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also tended to show that the witness was a liar.

*United States v. Abel,* 469 U.S. 45, 56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

RCM 1001(b)(2) does not provide blanket authority to introduce all information that happens to be maintained in the personnel records of an accused. Personnel records may contain entries of questionable accuracy, relevance, or completeness. Appellant, however, did not object on these grounds to the admission of his DD Form 398–2, which he had prepared.

█ Paragraph 5–26(a), AR 27–10, sets forth examples of personnel records of past conduct that may be admissible, including DA Form 2 (Personnel Qualification Record—Part I) and DA Form 2–1 (Personnel Qualification Record—Part II), which were PE 2 in this case. The Personnel Service Battalion noncommissioned officer-in-charge certified both PE 2 and 3 as personnel records of appellant. Both exhibits reflect appellant's "past conduct and performance" and were "maintained according to" Army regulations. Since this was a judge alone trial, the judge could determine the relevance and reliability of PE 3 for sentencing.

For the reasons set forth above, we hold that the judge did not abuse his discretion.

The decision of the United States Army Court of Criminal Appeals is affirmed. The record of trial is returned to the Judge Advocate General of the Army for corrective action consistent with this opinion.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in part and dissenting in part):

Concerning Issue I, I conclude that, if error occurred here, it was harmless. Art. 59(a), UCMJ, 10 USC § 859(a). This was a trial by judge alone, who was not likely to be unduly influenced by this evidence. Appellant was found guilty of numerous serious offenses permitting 35 years' confinement. The evidence of prior state court traffic offenses was *de minimis* in light of these offenses. The resulting 2–year sentence of the trial judge confirms this fact.

On Issue II, although not an *ex post facto* issue, the proper remedy should be a remand to the Court of Criminal Appeals. *See United States v. Roseboro,* No. 98–0439/AR, —— MJ —— (Daily Journal July 27, 1998); *United States v. Gorski,* 47 MJ 370, 376 (1997) (Sullivan, J., concurring in part and in the result).