UNITED STATES

v.

Airman Basic Phines J. DOUGLAS III, United States Air Force.

ACM 33940.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 3 Nov. 1999.

Decided 19 June 2001.

Appellate Counsel for Appellant: Colonel Jeanne M. Rueth, Colonel James R. Wise, and Major Thomas R. Uiselt.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Mitchel Neurock.

Before YOUNG, Chief Judge, BURD, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Chief Judge:

The appellant pled guilty to wrongfully appropriating a motor vehicle, making and uttering a worthless check and thereafter dishonorably failing to maintain sufficient funds in his account for payment upon its presentment, and violating a lawful general regulation by wrongfully using his Government travel charge card for personal use. Articles 121, 134, and 92, UCMJ, 10 U.S.C. §§ 921, 934, 892. The convening authority approved the sentence adjudged by the officer court members: a bad-conduct discharge, confinement for 1 year, and forfeiture of all pay and allowances. The appellant assigns three errors: (1) His plea to violating a lawful general regulation was improvident;

(2) The military judge abused his discretion by admitting into evidence the stipulation of fact from the appellant's first court-martial; and (3) He was denied a fair trial when the trial counsel presented to the court members portions of exhibits that the military judge had ordered redacted. We will discuss assignments 2 and 3 together. We affirm.

## I. The Providence of the Plea

The appellant pled guilty to violating, on divers occasions, a lawful general regulation, Air Force Instruction (AFI) 65–104, *Government Travel Charge Card Program*, ¶ 25.1 (1 May 1996), "by wrongfully using his government NationsBank credit card for his personal use." He now asserts that his plea was improvident because the general regulation he admitted violating applies only to American Express Government Travel Cards, not to NationsBank Visa cards. He concedes that his plea inquiry is sufficient to sustain a conviction for the lesser included offense of dereliction of duty and asks this Court to reassess his sentence.

Before accepting a guilty plea, the military judge must inform the accused of the nature of the offense and ensure that the plea is voluntary and accurate. Rule for Courts Martial (R.C.M.) 910(d) and (e). The facts the military judge elicits from the accused must "objectively" support the plea. If the accused sets up matter inconsistent with the plea, the military judge must reject it. Article 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). We review the military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996). We will not overturn the military judge's finding of guilty unless we find a substantial conflict between the plea and the accused's statements or other evidence of record. A "mere possibility" of such a conflict is not a sufficient basis to overturn the trial results. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

■ The appellant admitted violating AFI 65–104, which is entitled, "Government Travel Charge Card Program." The preamble to that instruction states its purpose as "providing guidance and procedures for establishing and operating a government travel charge

card program. It also regulates the use of the government charge card (hereinafter referred to as the 'Card') by limiting the use of the card to cover expenses incurred during official travel." The specific provision the appellant was charged with violating provides as follows: "Cardholders shall not use the card for personal purposes. Use of the card for any purpose other than official government travel or as otherwise authorized by this instruction shall be considered personal use." AFI 65–104, ¶ 25.1.

The appellant claims that the term "the card" and "American Express" are used interchangeably and, therefore, the regulation only applies to the American Express card. We disagree. It appears from a close reading of the instruction that the drafters were trying to accomplish two different things: First, establish the rules for use of the card; and second, establish procedures for implementing the 5–year contract with American Express. We believe this approach has the potential to cause unnecessary confusion. In the future, the instruction itself should be limited to establishing the rules for using the card and paying debts incurred by using the card, regardless of the identity of the provider. The implementation of the contract with the specific provider should be left to an attachment or annex. Nevertheless, we find the regulation applies to the government credit card program in general and its provisions are not limited to the American Express card.

Although the instruction could have been better drafted to avoid the possibility of any confusion, this appellant's guilty plea was provident. The military judge specifically discussed the provisions of the instruction and the possibility for confusion with the appellant. The appellant freely admitted that the regulation applied to the Government Visa card as well as the American Express card, he knew it was a violation of the instruction for him to use it for purposes not related to government travel, and he knowingly violated the regulation by using the card for purposes other than government related travel.

## II. The Sentencing Exhibits

At an Article 39(a) session held to review sentencing exhibits, the trial counsel moved the court to admit a copy of a promulgating order and the stipulation of fact from the appellant's prior court-martial on unrelated charges. The defense objected to the admission of the stipulation of fact and the part of the promulgating order that recited the appellant's sentence as being irrelevant and failing the Mil.R.Evid. 403 balancing test. The military judge found the accused's sentence from the previous court-martial was irrelevant and, therefore, ordered it redacted from the promulgating order. He found the stipulation "necessary to explain the facts and circumstances surrounding the offenses" of which the appellant had been convicted at his previous trial. After performing the balancing required by Mil.R.Evid. 403, the military judge determined that the probative value of the information was not outweighed by the danger of unfair prejudice. However, he ordered the trial counsel to redact two portions of the stipulation of fact—the first part of the second sentence of ¶ 4 and all of ¶ 12—ostensibly because those sections referenced uncharged misconduct.

Although it is unclear from the record whether the trial counsel redacted the information on the copies given to the court members, the evidence in the record suggests otherwise, as the exhibits have not been redacted. The appellant asserts that the military judge erred by admitting the stipulation of fact and claims he was denied a fair trial when the trial counsel provided the court members with the unredacted exhibits.

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Zakaria*, 38 M.J. 280, 283 (C.M.A.1993). "[A] military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *United States v. Ayala*, 43 M .J. 296, 298 (1995).

"The trial counsel may introduce evidence of military or civilian convictions of the accused." Rule for Courts–Martial (R.C.M.) 1001(b)(3)(A). Such previous convictions "may be proved by any evidence admissible under the Military Rules of Evidence."

R.C.M. 1001(b)(3)(C). "Normally, previous convictions may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial." R.C.M. 1001(b)(3)(C), Discussion. Of course, the Discussion does not constitute a rule, is not binding on any party, and failure to comply with it "does not, of itself, constitute error." *Manual for Courts–Martial, United States,* Part I, ¶ 4 (1998 ed.), Discussion.

### A. The Promulgating Order

■ The military judge found the sentence and the action of the convening authority were irrelevant and ordered them redacted from the court-martial promulgating order. Subject to Mil.R.Evid. 403, the promulgating order from the appellant's prior court-martial was admissible under R.C.M. 1001(b)(3). As a matter of law, the sentence adjudged and the action of the convening authority are relevant parts of such a promulgating order. *See United States v. Maracle,* 26 M.J. 431, 432–33 (C.M.A.1988); *United States v. Brogan,* 33 M.J. 588, 593 (N.M.C.M.R.1991), *pet. granted on other grounds,* 38 M.J. 319 (1993), *aff'd,* 40 M.J. 270 (C.M.A.1994). Although the sentence and the convening authority's action were relevant and admissible, we deplore the trial counsel's failure to abide by the military judge's ruling. However, we are unable to see how the appellant was prejudiced by the trial counsel's dereliction.

### B. The Stipulation of Fact

Whether a stipulation of fact relating the facts and circumstances surrounding the offense of which an accused was convicted at a different court-martial qualifies for admission under Mil.R.Evid. 1001(b)(3) as "evidence of" a conviction is not a new issue. The Army Court has held that a stipulation of fact is admissible to explain the circumstances of the prior conviction when the court-martial order is vague and provides insufficient details to inform the court members as to the circumstances of the earlier offenses. *United States v. Nellum,* 24 M.J. 693, 695 (A.C.M.R.1987). The Navy Marine Corps Court has taken a considerably more restrictive approach—"evidence to explain the detailed facts underlying a prior conviction is inadmissible in the prosecution's case-in-chief during sentencing." *Brogan,* 33 M.J. at 593.

■ In *United States v. Bellanger,* ACM 32373, 1997 WL 833874 (A.F.Ct.Crim.App. 29 Oct. 1997) (unpub. op.), we found the admission of the accused's stipulation of fact from a previous court-martial was "unfairly prejudicial." We asserted "that the better rule would allow information concerning the underlying details of an offense only when it is necessary to explain the nature of the offense and the probative value is not outweighed by the danger of unfair prejudice." *Bellanger,* unpub. op. at 13. We now reject that reasoning and hold the underlying details of a prior conviction are not admissible as "evidence of civilian or military convictions" under R.C.M. 1001(b)(3), but may be admissible as relevant personal data and character of prior service under R.C.M. 1001(b)(2).

■ Pursuant to his authority under Article 36(a), UCMJ, 10 U.S.C. § 836(a), the President prescribes the procedures and modes of proof for trials by courts-martial. The President's sentencing rules are more restrictive than those used in the federal district courts. *United States v. Cleveland,* 29 M.J. 361, 363 (C.M.A.1990). Thus, evidence that may be logically relevant to the determination of an appropriate sentence may not be admissible. R.C.M. 1001(b)(3) permits the prosecution to introduce "evidence *of* military or civilian convictions of the accused." (Emphasis added). We believe the clear import of the President's rule is to limit the evidence the prosecution can introduce under R.C.M. 1001(b)(3) to a document that reflects the fact of the conviction, including a description of the offense, the sentence, and any action by appellate or reviewing authorities. *Brogan,* 33 M.J. at 593.

■ Although the military judge's decision to admit the stipulation of fact was consistent with our opinion in *Bellanger,* we find he erred. The stipulation of fact was not evidence of a conviction; it was evidence upon which a conviction was based.

We understand that evidence of a civilian conviction often contains little more than a citation to the statute the appellant was convicted of violating and notice of the sentence

imposed. Under those circumstances, we believe a copy of the statute would be admissible under R.C.M. 1001(b)(3) so the court-martial is aware of the nature of the offense of which the accused was convicted. However, a stipulation of fact or a record of trial would not be admissible under that rule.

■ Finding error in the admission of the stipulation of fact under R.C.M. 1001(b)(3) does not end our inquiry. If the evidence is relevant and reliable, the fact that it may not have been admissible under R.C.M. 1001(b)(3) does not necessarily preclude its admission under R.C.M. 1001(b)(2). *United States v. Ariail*, 48 M.J. 285, 287 (1998). R.C.M. 1001(b)(2) provides that

> [u]nder regulations of the Secretary concerned, the trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's ... character of service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused....
>
> "Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance and history of the accused.

The Secretary of the Air Force decided that " '[p]ersonnel records of the accused,' as referenced in R.C.M. 1001(b) and (d), includes all those records made or maintained in accordance with Air Force directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions...." Air Force Instruction 51–201, *Administration of Military Justice*, ¶ 8.5.1 (3 Oct 1997).

Records of trial of general courts-martial, and special courts-martial in which a bad-conduct discharge was imposed, are made in accordance with AFI 51–201, ¶ 8.13 and Air Force Manual (AFMAN) 51–203, *Records of Trial* (3 Oct 1997), and maintained in accordance with AFMAN 37–139, *Records Disposition Schedule*, Table 51–3, Rules 2–6 (1 Mar 1996). All such records are kept at least until after action is taken in the case. As the appellant's first court-martial was still

under appeal at the time the stipulation of fact was admitted into evidence, the record of trial and the stipulation of fact were properly maintained in the appellant's personnel records. Furthermore, subject to balancing under Mil.R.Evid. 403, we find the stipulation of fact was relevant and reliable. *See Ariail*, 48 M.J. at 287.

On the record, the military judge balanced the probative value of the stipulation of fact against the danger of unfair prejudice. Although he performed the balancing in relation to admissibility under R.C.M. 1001(b)(3), we find the issue so closely related to admissibility under R.C.M. 1001(b)(2) as to warrant giving his decision "enormous leeway." *United States v. DiCupe*, 21 M.J. 440, 444 (C.M.A.1986); Stephen A. Saltzburg et al., *Military Rules of Evidence Manual* 490 (4th ed.1984). We cannot say his decision to admit the stipulation was arbitrary or capricious.

■ Although the military judge's decision is not clear, we understand his excluding portions of the stipulation of fact to be a ruling that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice. As with the decision to admit the stipulation, we grant the military judge's decision to redact "enormous leeway." *See DiCupe*, 21 M.J. at 444. Thus, it was error for the trial counsel to put the unredacted stipulation of fact before the court members.

### III. Prejudice

■ Having found error, we must determine whether it had any effect on the sentencing authority. At his previous court-martial, the appellant pled guilty to, and was convicted of, simple assault (Article 128, UCMJ, 10 U.S.C. § 928), attempting to steal merchandise of a value over $100 (Article 80, UCMJ, 10 U.S.C. § 880), conspiracy to steal merchandise of a value of over $300 (Article 81, UCMJ, 10 U.S.C. § 881), violating a lawful general regulation by using his government travel card for personal use (Article 92, UCMJ, 10 U.S.C. § 892), larceny of over $300 worth of merchandise (Article 121, UCMJ, 10 U.S.C. § 921), forgery (Article

123, UCMJ, 10 U.S.C. § 923), uttering bad checks with the intent to defraud (Article 123a, UCMJ, 10 U.S.C. § 923a), and dishonorably failing to pay debts (Article 134, UCMJ, 10 U.S.C. § 934).

In order to assess any prejudice flowing from the trial counsel's error, we need to examine the specific language the trial counsel failed to redact. The military judge ordered the first part of the following sentence redacted: from the stipulation of fact: "In order to determine whether or not the stolen credit card was activated, Amn Douglas and A1C Sims went to the Sunglasses Hut in the Coronado Mall." (Second sentence to ¶ 4). The paragraph the military judge ordered redacted, provides as follows: "During a lawful consent search of Amn Douglas' dormitory room, numerous insufficient fund checks and past due notices were seized. Some of the items were in the trashcan, unopened and ripped in half." (Paragraph 12).

After carefully reviewing the stipulation of fact and the court-martial promulgating order, we are convinced that the error had no effect whatsoever on the appellant's sentence and, therefore, he is not entitled to any relief. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

### IV. Conclusion

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Accordingly, the findings and sentence are

AFFIRMED.