Chief Judge CRAWFORD
delivered the judgement of the Court.
Pursuant to his pleas, appellant was convicted at a general court-martial for wrongfully appropriating a motor vehicle, uttering a bad check, and violating a lawful general regulation by misusing his government travel charge card, in violation of Articles 121, 134, and 92 of the Uniform Code of Military Justice (UCMJ), 10 USC §§ 921, 934, and 892. The convening authority approved the sentence adjudged by officer members: a bad-conduct discharge, confinement for one year, and total forfeiture of pay and allowances. The Court of Criminal Appeals affirmed the *271 findings and sentence. 55 MJ 563 (2001). We granted review of the following issues:[1]
I. WHETHER THE LOWER COURT ERRED IN HOLDING THAT PROSECUTION 3—THE STIPULATION OF FACT FROM APPELLANT’S FIRST COURT-MARTIAL—WAS PROPERLY ADMITTED DURING SENTENCING AS “RELEVANT PERSONAL DATA AND CHARACTER OF PRIOR SERVICE UNDER RCM 1001(B)(2).”
II. WHETHER APPELLANT WAS DENIED A FAIR SENTENCING HEARING WHEN PORTIONS OF PROSECUTION EXHIBITS 1 AND 3, WHICH THE MILITARY JUDGE ORDERED REDACTED, WERE PRESENTED TO THE COURT MEMBERS WITHOUT REDACTION AND WITHOUT THE BENEFIT OF A CURATIVE INSTRUCTION.
We hold that while the trial judge erred in admitting the evidence under RCM 1001(b)(3), Manual for Courts-Martial, United States (2000 ed.),[2] the court below did not err in holding the evidence properly admissible as part of appellant’s personnel records under RCM 1001(b)(2). We also hold that the prosecution erred in failing to redact the materials as ordered by the judge, but that such error was harmless.
At sessions held pursuant to Article 39(a), UCMJ, 10 USC § 839(a), trial counsel sought to admit Attachment 9 to Prosecution Exhibit (Pros.Exh.) 1, a copy of the promulgating order from appellant’s first court-martial, and Pros. Exh. 3, a stipulation of fact from appellant’s prior court-martial. The charges on which appellant was court-martialed on the prior occasion were unrelated to those in the instant case. Defense counsel objected to Pros. Exh. 3, arguing that it was (a) cumulative; (b) not necessary to explain the offenses of which appellant had been previously convicted (as shown on the promulgating order); and (c) contained references to uncharged misconduct. Defense counsel further contended that the seven-page stipulation of fact should be barred after application of the balancing test under Mil.R.Evid. 403, Manual, supra. Trial counsel countered that Pros. Exh. 3 was admissible to show appellant’s rehabilitative potential and to put the prior conviction in context.
After conducting a Mil.R.Evid. 403 balancing test, the military judge ruled that Pros. Exh. 3 was admissible, but ordered the redaction of paragraph 12[3] and a portion of paragraph 4[4] of that exhibit. However, the judge announced that because there was an overlap between the stipulation (Pros.Exh. 3) and the promulgating order (Attachment 9 to Pros. Exh. 1):
I will inform the court members that the stipulation and the order relate to the same court-martial offenses and that the stipulation is offered only to explain the facts underlying the court-martial order. If the stipulation helps them to understand the court-martial order, they may consider it. If it does not, they are free to disregard it.
The military judge then granted the defense motion to redact the sentence and action portions of the promulgating order.
Believing that the ordered redaction had taken place, the military judge instructed the members not to speculate about what information had been redacted, as well as the use to which they could put Pros. Exhs. 1 and 3. *272 While it is unclear from the record whether the material was redacted, appellant argues that it was not. Thus, appellant alleges trial counsel erred in giving the unredacted exhibits to the members without the benefit of a curative instruction.
The Court of Criminal Appeals (CCA) found that the exhibits in the record of trial had not been redacted in accordance with the military judge’s instructions. Contrary to appellant’s assertions, the CCA held that the entire promulgating order, to include its recitation of the sentence and convening authority action which the military judge ordered to be redacted, was relevant and admissible. 55 MJ at 566 (citing United States v. Maracle, 26 MJ 431, 432-33 (CMA 1988)).
With regard to Pros. Exh. 3, the stipulation of fact, the lower court rejected the rationale of United States v. Bellanger, No. 32373, 1997 WL 833874 (AF.Ct.Crim.App. Oct. 29, 1997)(unpub. op.), and held that “the underlying details of a prior conviction are not admissible as ‘evidence of civilian or military convictions’ under RCM 1001(b)(3)[.]” 55 MJ at 566. Nonetheless, the lower court found that Air Force regulations required records of trial to be kept through the appellate process;[5] appellant’s first court-martial was still under appeal; and Pros. Exh. 3 was relevant data pursuant to RCM 1001(b)(2). Id. at 567.
Before this Court, appellant argues that the stipulation of fact (Pros. Exh. 3) concerning the prior convictions was not admissible under RCM 1001(b)(2) or RCM 1001(b)(3). With respect to Issue II, the defense maintains that trial counsel’s failure to redact portions of Pros. Exhs. 1 and 3, especially after the military judge told the members that information from Attachment 9 to Pros. Exh. 1 had been redacted, denied appellant a fair trial on sentencing.
DISCUSSION
The 1984 Manual expanded the information presented to the sentencing authority. The Manual was intended to permit
the presentation of much of the same information to the court-martial as would be contained in a presentence report, but it does so within the protections of an adversarial proceeding, to which rules of evidence apply ..., although they may be relaxed for some purposes.
Drafters’ Analysis of RCM 1001, Manual, supra at A21-69. This expansion of admissible sentencing evidence was reaffirmed in the 2002 amendment to RCM 1001(b)(3)(A). See note 2, supra. The new rule clarifies the term “conviction” and admits relevant evidence of a civilian conviction without necessarily being bound by the action, procedure, nomenclature, of the civilian jurisdictions. Id. at Analysis to RCM 1001(b)(3)(A).
RCM 1001(a)(1) provides: “After findings of guilty have been announced, the prosecution and defense may present matter pursuant to this rule to aid the court-martial in determining an appropriate sentence.” The rule then lists a number of items that may be submitted, including service data, personnel records,[6] and prior convictions.
In United States v. Ariail, 48 MJ 285, 287 (1998), this Court held that while evidence may not be admissible under one rule (i.e., RCM 1001(b)(3) as a prior conviction), that does not preclude its admission under a different rule (i.e., RCM 1001(b)(2) as a personnel record) if the evidence is relevant and reliable. See United States v. Abel, 469 U.S. 45, 56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).
*273 We agree with the court below that a stipulation of fact contained in the record of trial of a previous court-martial (such as Pros. Exh. 3 in the case at hand) does not qualify as “evidence of a conviction” under RCM 1001(b)(3). As the dissent notes, there is a split among the service courts concerning information that may be introduced under RCM 1001(b)(3) as evidence of a prior conviction. 57 MJ at 279; see United States v. Brogan, 33 MJ 588, 593 (NMCMR 1991), aff'd on other grounds, 40 MJ 270 (CMA 1994); United States v. Nellum, 24 MJ 693 (ACMR 1987). These cases deal with stipulations of fact created for use during current, ongoing courts-martial in order to explain the facts, circumstances, and sentence of a prior court-martial. That issue is not before this Court. Here, we are examining the admissibility of a stipulation of fact, previously created for a prior court-martial, that was maintained in appellant’s personnel file.
While Pros. Exh. 3 was not admissible under RCM 1001(b)(3), it was properly maintained in appellant’s personnel file in accordance with Air Force departmental regulations, reflected appellant’s conduct, and was the type of personnel record envisioned by RCM 1001(b)(2). Accordingly, the lower court did not err in finding that Pros. Exh. 3 was an admissible personnel record at the time that it was admitted into evidence in this case.
The decision of the United States Air Force Court of Criminal Appeals is affirmed.

. We heard oral argument in this case at the United States Air Force Academy in Colorado Springs, Colorado, as part of the Court’s "Project Outreach." See United States v. Allen, 34 MJ 228, 229 n. 1 (1992).

. RCM 1001(b)(3)(A) was amended on April 11, 2002, by Executive Order Number 13262 effective May 15, 2002. All other Manual provisions cited are identical to the ones in effect at the time of appellant’s court-martial.

. Paragraph 12 of Pros. Exh. 3 reads:
During a lawful consent search of Amn Douglas' dormitory room, numerous insufficient fund checks and past due notices were seized. Some of the items were in the trashcan, unopened and ripped in half.

. The military judge ordered that the words "In order to determine whether or not the stolen credit card was activated” be removed.

. Paragraph 8.5.1, Air Force Instruction 51-201, Administration of Military Justice (2 Nov. 1999), provides:
"Personnel records of the accused,” as referenced in RCM 1001(b) and (d), includes all those records made or maintained in accordance with Air Force directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions, including punishment under Article 15, UCMJ. The DD Form 493, Extract of Military Records of Previous Convictions, may be used to introduce evidence of an accused's previous conviction.

. RCM 1001(b)(2) states that "trial counsel may ... introduce from the personnel records of the accused evidence of the accused’s ... character of prior service.... 'Personnel records of the accused’ includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused.”