BAKER, Judge
(concurring in the result):
Issue I presents two questions. First, is a stipulation of fact from a previous court-martial admissible on sentencing as evidence of a prior conviction under RCM 1001(b)(3), Manual for Courts-Martial, United States (2000 ed.)? Alternatively, or in addition, is a stipulation of fact from a previous court-martial admissible on sentencing as a personnel record under RCM 1001(b)(2) if offered as evidence of a prior conviction? I agree with Senior Judge Sullivan’s response to these questions and offer the following supplementary comment.
I
RCM 1001(b) establishes guidelines for the prosecution’s presentation of presentencing evidence. The rule contemplates the admission of five distinct types of evidence, including evidence of prior convictions of the accused.[1] The non-binding Discussion following RCM 1001(b)(3)(C) allows that such information “may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial.” As the lower court identified, the plain language of the rule appears to contemplate, literally, evidence of conviction—the fact of conviction—and not an accounting of the underlying acts leading to conviction. However, the Court of Criminal Appeals went too far in holding that the underlying details of a prior conviction are not admissible under RCM 1001(b)(3), even when necessary to explain the nature of the offense. 55 MJ 563, 566 (A.F.Ct.Crim.App.2001).
Notwithstanding the differences regarding the result in this ease, the majority’s view of the law should now be clear. A stipulation of fact from a prior conviction may be admissible under RCM 1001(b)(3) where the military judge determines the stipulation is necessary to explain the nature of the prior conviction.[2] *274 However, this should only occur on those rare occasions when the promulgating order or Form 493 does not clearly state the prior offense. Further, it may not be used as a vehicle to develop the facts behind the prior conviction. Finally, even when reasonably necessary to understand the nature of the prior conviction, the military judge must still determine whether, in such a context, the stipulation’s probative value outweighs any unfair prejudice to the defendant. See Mil. R.Evid. 403, Manual, supra.
In the present case, the military judge identified the correct framework[3] and admitted the stipulation as “necessary to explain the facts and circumstances surrounding the offenses.”[4] I disagree with this conclusion, which is diminished by the judge’s subsequent admonishment to the members that, “[i]f [the stipulation] helps you in understanding the offenses for which the accused was convicted in his first court-martial, then you may use it for that purpose. If it does not assist you, you are free to disregard it.”
The strongest argument for the need for additional details rests with appellant’s prior conviction under Article 128, Uniform Code of Military Justice, 10 USC § 928, for committing an assault on one Airman Padrón by pointing an M-16 rifle at him. The stipulation alerted the members that this offense occurred while appellant was on duty and with an unloaded weapon. But these are details of potential mitigation and aggravation that should have been considered at appellant’s first trial. They are not necessary as evidence of conviction or to explain what the conviction was for at appellant’s second trial. Moreover, the introduction of the more detailed stipulation that overlapped the promulgating order ran the risk of directing the members’ energy to the prior conviction, rather than guiding them to an appropriate consideration of the present sentence.
Nonetheless, for the reasons cited by Senior Judge Sullivan, I find that the error was harmless. Since the stipulation overlapped the promulgating order, any additional detail that was provided was not of the sort that might prejudice appellant. Some of these additional details may even have been helpful to appellant, e.g., the weapon used during the assault was unloaded; he was convicted as an aider and abettor rather than a principal.
II.
While the Air Force Court of Criminal Appeals concluded that stipulations of fact are not admissible as records of conviction, the court determined that in this case, the stipulation of fact was admissible as a personnel record of the accused under RCM 1001(b)(2). 55 MJ at 567. Leaving further regulation and interpretation to the branch Secretaries, the President has authorized the prosecution to introduce “from the personnel records of the accused evidence of ... character of prior service.” RCM 1001(b)(2). Interpreting the term as it appears in all provisions of RCM 1001(b), the Secretary of the Air Force has defined “personnel records of the accused” as “including] all those records made or maintained in accordance with Air *275 Force directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions, including punishment under Article 15, UCMJ.” Para. 8.5.1, Air Force Instruction (AFI) 51-201, Administration of Military Justice (2 Nov. 1999).
Ordinarily, the views of the service courts interpreting their own service regulations are due deference. How much deference is due, and at what point this deference dissipates, is subject to interpretation under our ease law. In Moultak and Manuel, this Court suggested that “some deference” was due where the lower court’s interpretation was persuasive. United States v. Moultak, 24 MJ 316, 318 (CMA 1987); United States v. Manuel, 43 MJ 282, 287 (1995). However, in United States v. Shavrnoch, 49 MJ 334, 338 n. 2 (citing Moultak and Manuel), this Court did “not find the court’s discussion of the regulation so lacking in merit that we should depart from our traditional approach of giving significant deference to the Courts of Criminal Appeals in the interpretation of the regulations issued by their own departments.” Regardless of the standard of review, I do not find the Air Force Court’s reasoning persuasive.
The Secretary of the Air Force has promulgated a thorough Instruction on the operation of the personnel records system within the Air Force, including where pertinent information is kept. See AFI 36-2608, Military Personnel Records (1 July 1996). The Instruction includes a table of more than sixty pages listing the forms and other material to be filed in a servicemember’s personnel record. This table describes the disposition of only two pieces of information pertaining to courts-martial: the Charge Sheet (DD Form 458) and “[cjourt-martial orders containing or reflecting approved findings of guilt____” Id. at A2.1.78 and A2.1.347. There is no indication that the Secretary intended the entire record of a previous court-martial, or elements of such a record, to be included as a part of an Air Force personnel record. The record is, itself, an independent legal document from which information is taken to supplement the personnel record.
Moreover, this question of law ultimately hinges on the meaning of the Rules for Courts-Martial and not Air Force regulations. The President’s decision to provide separate rules addressing “character of service” and “evidence of prior convictions” would be meaningless if evidence of prior convictions could come in as personnel records for the purpose of proving prior convictions. Otherwise, RCM 1001(b)(2) would swallow all that is referenced in 1001(b)(3), and there would be no need for a more specific rule addressing prior convictions. Applying the same logic, as Senior Judge Sullivan argues, there would be no limitation on what might come into sentencing evidence through the “personnel record” trap door. Among other things, personnel regulations could permit not only evidence of conviction, but the relitigation of marginally relevant facts and, potentially, even relitigation of acquittals.
Further, the Air Force Court’s analysis depends on the fortuitous fact that appellant’s appeal was pending. Reliance on this argument would lead to the anomaly that not only would prior convictions receive different treatment between services, but even within the Air Force the nature of prior evidence of conviction would depend on the timing of appeal. In the ease of pending appeals, the Government could extend the logic of the Court of Criminal Appeals and seek admission of extensive and irrelevant details to evidence a prior court-martial conviction, whereas, in the case of a finally adjudicated conviction, sentencing evidence would be limited to proof of the conviction alone under RCM 1001(b)(3).
As this Court stated in United States v. Ariail, 48 MJ 285, 287 (1998), “RCM 1001(b)(2) does not provide blanket authority to introduce all information that happens to be maintained in the personnel records of an accused.” It still must be relevant, reliable, and credible for the purpose for which it is offered. If that purpose is evidence of prior conviction, then RCM 1001(b)(3) is the applicable rule.

. "The trial counsel may introduce evidence of military or civilian convictions of the accused." RCM 1001(b)(3)(A).

. This may be illustrated with reference to offenses under Articles 133 or 134, Uniform Code of Military Justice, 10 USC §§ 933 and 934, where citation to the article and formulaic citation to the elements would not necessarily afford a member any understanding of the underlying prior offense, from which to draw judgments regarding rehabilitation. See, too, the Army Court’s statement in United States v. Nellum that sometimes promulgating orders "are often so abbreviated that they provide virtually no details regarding the offenses to which they make reference." 24 MJ 693, 695 (ACMR 1987)(footnote omitted). In the instant case, the Court of Criminal Appeals similarly observed, "We understand that evidence of a civilian conviction often contains little more than a citation to the statute the appellant was convicted of violating and notice of the sentence imposed.” 55 MJ at 566.

. The Military Judge ruled:
... dealing with ... the stipulation of facts from the prior court-martial, what the Army Court of Criminal Appeals in US v. Nellum[,] at 24 MJ 693 and the Air Force Court of Criminal Appeals in the unpublished case of United States [v.] Bellanger, specifically authorized the prosecution to present underlying details of a previous conviction when necessary to explain the nature of the offenses and when the probative value is not outweighed by the danger of unfair prejudice. I find that the stipulation of fact offered by the prosecution is necessary to explain the facts and circumstances surrounding the offenses.

. The judge determined:
Specifically, as to Charge I, the stipulation explains that the assault occurred on duty but with an unloaded weapon, facts that are not contained in the court-martial order. In Additional Charge I, the stip shows how the accused attempted to steal. In Additional Charge II, the stipulation shows how the accused facilitated the larceny by his relationship with the store clerk, again, matters not contained in the court-martial promulgating order. As to Additional Charges V and VI, the stipulation shows that the accused is guilty as an aider and abettor rather than the actual perpetrator of the offense. In Additional Charge VII, the stipulation shows to whom the checks were written, again, matters not contained in the promulgating order.