# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32490**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Richard J. NOEL, Jr.**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 January 2019

————————————

*Military Judge:* Mark F. Rosenow.

*Approved sentence:* Bad-conduct discharge and confinement for 4 months. Sentence adjudged 27 September 2017 by SpCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Major Megan E. Hoffman, USAF; Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, JOHNSON, and DENNIS, *Appellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MAYBERRY, Chief Judge:

Appellant was found guilty by a military judge, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of wrongful

use of cocaine on divers occasions and one specification of wrongful use of marijuana on divers occasions in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. A panel of officer members sentenced Appellant to a bad-conduct discharge and four months of confinement. The convening authority approved the sentence as adjudged.

Appellant raises one issue for our consideration on appeal: whether the military judge committed plain error by admitting the sentence imposed at Appellant's earlier court-martial. We find no prejudicial error and we affirm the findings and sentence.

## I. BACKGROUND

Appellant was previously tried in May 2017 for wrongful use of cocaine and introduction of cocaine onto a military installation on divers occasions. At this earlier trial, Appellant's sentence included confinement for 90 days, along with a bad-conduct discharge, a reduction to the grade of E-1, and a reprimand. In the current case, Appellant pleaded guilty to divers use of cocaine and marijuana over a ten-day period. During the guilty plea inquiry, Appellant stated he obtained and used cocaine at least five times on the day he was released from confinement after his first trial, and then a week later he used cocaine more than 14 times, along with marijuana at least two times, over a three-day period. The final use was observed by another member of his squadron, who reported the use. Pursuant to a probable cause search authorization, Appellant provided a urinalysis sample on 1 August 2017 that tested positive for both cocaine and marijuana.

Paragraph 13 of the stipulation of fact reads, "[Appellant] has a prior military conviction for the wrongful use of and introduction of cocaine onto a military installation on divers occasions. He was sentenced to a reduction in rank to E-1, 90 days confinement, and a bad conduct discharge. [Appellant] was released from confinement on 21 July 2017." Appellant agreed that everything in paragraph 13 of the stipulation of fact was true and there was nothing in the paragraph that he did not wish to admit was true. Defense counsel affirmatively stated he had no objection to the admission of the stipulation of fact.[1]

 After Appellant's plea was accepted, the Government offered a redacted report of result of trial (RRT) from Appellant's first court-martial, which like the stipulation of fact, also included the adjudged sentence. Again the Defense

---

[1] The original stipulation of fact was corrected for typographical errors and otherwise modified based on issues raised by the military judge. The only change relevant to this opinion was the removal of the sentencing date of Appellant's first court-martial in paragraph 13. The original exhibit is contained within the ROT as Appellate Exhibit III.

did not object. The military judge sua sponte raised concerns about some of the content of the RRT, as he had done with the stipulation of fact, but stated:

> There are reasons for both sides to want that evidence --- to want [sic] to be in front of the members, and again, you can try your own cases . . . . So the rule I am thinking of is [R.C.M.] 913(c)(4). In the discussion section I am told, "The military judge should not exclude evidence which is not objected to by a party except in extraordinary circumstances. Counsel should be permitted to try the case and present the evidence without unnecessary interference by the military judge." I am very alert to that. I am not ruling.
>
> I am only asking for, essentially, the positions of the parties since the only thing we are going to ask these members to do is to adjudge an appropriate sentence for the accused. I am particularly and acutely aware of anything that might interfere with that function. But, I also am acknowledging that the parties will try their own cases.

After redactions[2] were made to the RRT, it was admitted without objection.

Appellant's unsworn statement to the members included: "Through my previous 90-day sentence to confinement, my mind was fixated on drugs the entire time. As soon as I was released I sought them out; that is what addiction does. I submit to you more confinement is not going to help me."

In the sentencing instructions, the military judge instructed the members:

> The evidence you have received includes reference to the accused's punishment at another court-martial. You know nothing about the facts in that case, and it is neither your function to consider those matters, nor to second guess the disposition in another case. Even if you knew all the facts about a different proceeding, that would not enable you to determine whether the accused should be punished more harshly or more leniently, because every case must be treated on its own. Moreover, the disposition authority in any other case cannot be presumed to have any greater skill than you in determining an appropriate punishment.

---

[2] The redactions removed the forum, sentence/acquittal date, pretrial confinement credit, the existence of a pretrial agreement and the terms, and information concerning DNA processing, domestic violence, and sex offender registration information.

> Put another way, you must not rely on any of these unrelated matters in determining what is an appropriate punishment for this accused for the offenses of which he stands convicted. So long as the sentence you impose on this accused is appropriate for him and his offenses, whether he was appropriately punished for different offenses is none of your concern.

Trial counsel's argument focused on how Appellant used cocaine five or six times the day he was released from confinement and then again no fewer than 14 more times the following weekend. Defense counsel argued that confinement had proven to not work in Appellant's case, specifically referring to Appellant spending "90 days in a jail cell," and that confinement now would not help Appellant.

## II. DISCUSSION

### A. Law

This court reviews a military judge's decision to admit evidence for an abuse of discretion. *United States v. Fetrow*, 76 M.J. 181, 185 (C.A.A.F. 2017) (citation omitted). However, failure to object to the admission of evidence at sentencing forfeits appellate review of the issue absent plain error. *United States v. Eslinger*, 70 M.J. 193, 197–98 (C.A.A.F. 2011) (citations omitted). In order to prevail under a plain error analysis, an appellant must demonstrate that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (citations omitted). Whether an appellant has waived an issue is a question of law that we review de novo. *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citation omitted). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Id. (*quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). "While this Court reviews forfeited issues for plain error, we do not review waived issues because a valid waiver leaves no error to correct on appeal." *Id.* (citations omitted).

However, Courts of Criminal Appeals are empowered to consider claims even when those claims have been waived. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *see United States v. Chin,* No. ACM 38452, 2015 CCA LEXIS 241, at *9–11 (A.F. Ct. Crim. App. 12 Jun. 2015) (unpub. op.), *aff'd,* 75 M.J. 220, 222 (C.A.A.F. 2016). If we were to find error, we assess the entire record to determine whether to leave Appellant's waiver intact. *Id.*

Rule for Courts-Martial (R.C.M.) 1001(b)(3) governs the admission of evidence of prior convictions of the accused, and subsection (A) states, "The trial

counsel may introduce evidence of military or civilian convictions of the accused." The Discussion to R.C.M. 1001(b)(3)(C) further states, "Normally, previous convictions may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial."

In *United States v. Maracle*, 26 M.J. 431, 432–33 (C.M.A. 1988), our superior court found it was error for the military judge to *exclude* evidence of a prior court-martial sentence when the appellant requested that evidence be presented to the court members. *See also United States v. Douglas*, 57 M.J. 270, 271 (C.A.A.F. 2002) (where our superior court held the prosecution erred by failing to redact a prior sentence from a court-martial promulgating order after the military judge ordered the redaction pursuant to a defense objection and Mil. R. Evid. 403).

## B. Analysis

In this case, trial defense counsel affirmatively stated he had no objection to the admission of the stipulation of fact and no objection to the admission of the RRT, both of which contained information about Appellant's sentence from his first court-martial. The decision to not object was a strategic one on the part of Appellant and his counsel. The military judge commented that it was apparent that both parties wanted evidence of Appellant's prior sentence placed before the members, and trial defense counsel did not contradict this assessment. Appellant mentioned the prior, 90-day sentence to confinement in his unsworn statement, as did trial defense counsel in his sentencing argument. Both Appellant and his trial defense counsel contended that Appellant's prior time spent in confinement proved that any further confinement would not help to rehabilitate him. The obvious goal of the defense strategy was to avoid the imposition of additional confinement. As a result, we find Appellant waived this issue. The entire record firmly supports that Appellant intentionally and strategically relinquished his right to challenge admission of his former sentence. Understanding that we have the authority under Article 66, UCMJ, and *Chin* to consider Appellant's waived claim, we find the underlying facts are such that we leave Appellant's waiver intact. *See Chin*, 75 M.J. at 223.

Assuming *arguendo* Appellant forfeited, rather than waived, this issue, we find no plain error. Appellant's reliance on *United States v. Rhodes*, 64 M.J. 630 (A.F. Ct. Crim. App. 2007), *aff'd*, 65 M.J. 310 (C.A.A.F. 2007) (mem.), is misplaced. *Rhodes* involved a sentence rehearing, during which the members were made aware of the prior sentence in the case that had been subsequently set aside by the United States Court of Appeals for the Armed Forces. *Id*. at 630–32. The opinion does not address R.C.M. 1001(b)(3) or the admission of a sentence from a completely different court-martial proceeding. Furthermore,

*Rhodes* stated that a limiting instruction, which was given in the case before us, could have remedied the error. *Id.* at 633.

Finally, Appellant has not demonstrated material prejudice to a substantial right. The military judge instructed the members they should not use Appellant's prior sentence to determine whether he should be punished more harshly or more leniently, they did not know the facts of Appellant's prior court-martial, and they should not second guess the disposition of that case. The military judge further instructed the members to be concerned only with imposing an appropriate sentence for the offenses of which Appellant was convicted. The fact that the defense strategy was not successful does not constitute prejudice. The adjudged sentence is appropriate.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact,[3] and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[3] We note the court-martial order (CMO) erroneously indicates Appellant was sentenced by military judge alone. We order a corrected CMO.