UNITED STATES, Appellee

v.

Lester R. HARRIS, Corporal
U.S. Marine Corps, Appellant

No. 01-0226

Crim. App. No. 2000-0354

United States Court of Appeals for the Armed Forces

Argued October 23, 2001

Decided June 19, 2002

BAKER, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE and EFFRON, JJ., and SULLIVAN, S.J.,
joined.

<u>Counsel</u>

For Appellant:  Lieutenant <u>Glenn Gerding</u>, JAGC, USNR (argued).

For Appellee:  Lieutenant <u>R. W. Weiland</u>, JAGC, USNR (argued);
Commander <u>P.A. Dutton</u>, JAGC, USN (on brief); <u>Colonel Marc W.</u>
<u>Fisher, Jr.</u>, USMC, and Lieutenant <u>James E. Grimes</u>, JAGC, USNR.

Military Judge:  W. P. Hollerich

<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.</u>

Judge BAKER delivered the opinion of the Court.

A military judge sitting as a general court-martial tried appellant.  In accordance with his pleas, he was found guilty of conspiracy to wrongfully dispose of M112 Demolition Charge (C-4), dereliction of duty in failing to report to appropriate authorities the known location of the stolen C-4, wrongful disposition of these explosives, and a violation of 18 USC § 842(h), by unlawfully possessing, transporting, and/or storing the C-4, in violation of Articles 81, 92, 108, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 892, 908, and 934, respectively.  Appellant was sentenced to a dishonorable discharge, confinement for ten years, total forfeitures, and reduction to pay grade E-1.  The convening authority approved the adjudged sentence and, except for the punitive discharge, ordered it executed.  However, in compliance with a pretrial agreement, he suspended all confinement in excess of forty-nine months for a period of twelve months from the date of his final action.

The Court of Criminal Appeals affirmed the findings in an unpublished opinion.  However, in connection with appellant's conviction for violating 18 USC § 842(h), it excepted the word "transporting" from the specification.  The court also ruled that appellant's sentence was inappropriately severe and

2

reassessed. Upon reassessment, the court reduced appellant's confinement to forty-two months.

This Court granted review of the following issue:

WHETHER APPELLANT'S SUBSTANTIVE RIGHTS WERE MATERIALLY PREJUDICED BY THE CONVENING AUTHORITY'S FAILURE TO GIVE HIM NOTICE OF AND AN OPPORTUNITY TO REBUT ADVERSE PREENLISTMENT JUVENILE MATTERS FROM OUTSIDE THE RECORD, THAT THE CONVENING AUTHORITY CONSIDERED BEFORE TAKING ACTION ON APPELLANT'S CASE.

Appellant complains on appeal that the convening authority improperly considered certain matters contained in his service record prior to taking action under RCM 1107, Manual for Courts-Martial, United States (2000 ed.).[1] We resolve this issue against appellant and affirm.

## Discussion

During post-trial review, the convening authority stated in his final action, "I considered the Staff Judge Advocate's recommendation, record of trial, the Service Record Book [SRB] of Corporal Lester R. Harris, and the matters submitted by the defense pursuant to R.C.M. 1105, MCM, 1995." As appellant's brief states, his "SRB contained three pages documenting criminal offenses that he committed before he enlisted in the Marine Corps, many of which he committed while a juvenile." Final Brief at 4. Specifically, the SRB contained a one-page form titled "Request for Waiver of Enlistment Criteria," from

_____

[1] All Manual provisions cited in this opinion are identical to the ones in effect at the time of appellant's court-martial.

3

the Commanding Officer, United States Marine Corps Recruiting Station, Dallas, to the Commanding General, Marine Corps Recruit Depot, San Diego.  This document includes blocks for "Drug" use and "Offenses," including space to record the nature and disposition of such offenses.  Included with this form is a two-page document with the following heading:  "Subj:  Request for Waiver Case of Harris, Lester R."  This latter document provides in narrative form, inter alia, background on appellant's use of marijuana, LSD, and cocaine prior to enlistment, some of which occurred while appellant was a juvenile.  Appellant's submissions pursuant to RCM 1105, Manual, supra, did not address these SRB entries.[2]

Appellant first argues that the documents do not fall within the matters delineated within the meaning of RCM 1107 that the convening authority may consider without giving appellant an opportunity to respond.  RCM 1107(b)(3) provides:

Matters considered.

(A)  Required matters.  Before taking action, the convening authority shall consider:

(i)  The result of trial;

* * *

(ii)  The recommendation of the staff judge advocate or legal officer under RCM 1106, if applicable; and

---

[2] These pages, along with other entries from appellant's SRB, were submitted by the Government to the Court of Criminal Appeals for inclusion in the appellate record.

4

           (iii)    Any matters submitted by the accused under RCM 1105 or, if applicable, RCM 1106(f).

    (B)  <u>Additional matters</u>. Before taking action the convening authority may consider:

           (i)     The record of trial;

           (ii)    The personnel records of the accused; and

           (iii)   Such other matters as the convening authority deems appropriate. However, if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut.

Appellant asserts that RCM 1107 does not define the term "personnel record," but that the term is defined in RCM 1001(b)(2). According to appellant, since the documents in issue fail to meet the definition in RCM 1001(b)(2),[3] they cannot be considered personnel records for the purposes of RCM 1107. Appellant also argues that while these documents were, as a matter of fact, in his SRB, they are not personnel records kept in accordance with service regulations and, thus, were improperly contained in his service record. Therefore, he should not be charged with knowledge of the documents' presence in his SRB. In either case, he contends, since the documents were not personnel records properly considered by the convening

---

[3] This provision states: "`Personnel records of the accused' <u>includes</u> any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused." (Emphasis added.)

authority, they were "other matters" for which the convening authority was obligated to give him notice under RCM 1107(b)(3)(B)(iii). Finally, appellant argues that once a servicemember qualifies for enlistment, his past misdeeds should not be held against him. He should start with a clean slate, especially when those misdeeds were committed as a juvenile.

The problem with appellant's argument regarding RCM 1001(b)(2) and RCM 1107 is that the Waiver of Enlistment Criteria, as appellant notes, <u>was</u> part of his SRB, which <u>is</u> a repository of appellant's personnel records and <u>was</u> something to which appellant had access. Further, Rule 1001(b)(2) is a rule of admissibility intended to regulate the type of evidence submitted by counsel as part of the adversarial process during the presentencing hearing, not as part of the post-trial action by the convening authority.[4] Rule 1107(b)(3) provides the convening authority with broad discretion as to which matters to consider prior to acting on a case. Rule 1107(b)(3) also provides the accused with constructive notice of the matters that must and may be considered by the convening authority, such as "personnel records of the accused." RCM 1107(b)(3)(B)(iii) requires actual notice only "if the convening authority considers matters adverse to the accused from outside the

---

[4] Even if the second paragraph of RCM 1001(b)(2) were viewed as a definition of "personnel record" applicable to RCM 1107, the plain text of the paragraph is inclusive rather than exhaustive as to the meaning of "personnel record."

6

record, with knowledge of which the accused is not chargeable . . . ."

Both parties agree that the relevant regulation is Marine Corps Order P1070.12, Individual Records Administration Manual (known to Marines by its short title "IRAM"), of which we take judicial notice in this circumstance.  See United States v. Mead, 16 MJ 270, 273 (CMA 1983).  "The IRAM publishes policies, procedures, and technical instructions for the administration of personnel records."  IRAM at para. 0001 (emphasis added).  The IRAM "is issued for the guidance and compliance of all individuals concerned in any aspect of Marine Corps personnel records administration."  Marine Corps Order P1070.12J (May 16, 1998) (emphasis added).  Chapter 4 of the IRAM is titled "Service Record Book (SRB)."  Based on the foregoing, it is beyond peradventure that the SRB is a repository of "personnel records."

Appellant anticipates this conclusion in arguing that the presence of the enlistment waiver in his SRB is not controlling because the waiver was maintained in appellant's SRB contrary to service regulations.  Therefore, it was not itself a "personnel record."  Chapter 4 of the IRAM arguably suggests otherwise. Paragraph 4000 anticipates the inclusion of preenlistment information, stating:  "The SRB is designed for recording specified information about a Marine at the time of enlistment."

7

(Emphasis added.) Paragraph 4001(c)(2)(48) of the regulation states that the following documents are to be inserted in the SRB, if applicable: "Any special authority for enlistment/reenlistment or extension." However, we need not ultimately determine the scope of these provisions. Appellant has not carried his burden of demonstrating before this Court that the enlistment waiver documents maintained in his service record do not constitute "special authority" within the meaning of subparagraph (48). Therefore, we need not decide today whether a document improperly maintained in an accused's SRB may be considered.[5]

### Conclusion

The documents were part of appellant's SRB, a repository of an enlisted Marine's personnel records. Appellant had a right to review his SRB and address any potentially adverse information contained in the SRB as part of his clemency petition. See IRAM at para. 4001.3 ("When Marines desire to examine their SRB, they may do so. . . ."). Therefore, appellant was "chargeable" with knowledge of the contents of his SRB and was on notice, pursuant to RCM 1107(b)(3)(B), that the enlistment waiver documents could be considered by the convening

_____

[5] Appellant's argument that preenlistment and juvenile conduct should not be held against him is a prudential argument founded on policy considerations rather than legal dictates. It is also an argument that can appropriately be made as part of an RCM 1105 submission.

authority.  Under these circumstances, the convening authority properly considered the enlistment waiver documents in the SRB prior to his action and was not obligated to further notify appellant that he would do so.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.