UNITED STATES, Appellee

v.

Phines J. DOUGLAS III, Airman Basic
U.S. Air Force, Appellant

No. 01-0777

Crim. App. No. 33940

United States Court of Appeals for the Armed Forces

Argued April 1, 2002

Decided September 5, 2002

CRAWFORD, C.J., delivered the judgment of the Court, in which GIERKE, J., joined. BAKER, J., and SULLIVAN, S.J., each filed an opinion concurring in the result. EFFRON, J., filed a dissenting opinion.

Counsel

For Appellant:  Major Jefferson B. Brown (argued); Lieutenant Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, and Major Marc A. Jones (on brief); Captain Shelly W. Schools.

For Appellee:  Major Mitchel Neurock (argued); Colonel Anthony P. Dattilo and Major Jennifer R. Rider (on brief); Major Lance B. Sigmon.

Military Judge:  W. Thomas Cumbie

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

Chief Judge CRAWFORD delivered the judgement of the Court.

Pursuant to his pleas, appellant was convicted at a general court-martial for wrongfully appropriating a motor vehicle, uttering a bad check, and violating a lawful general regulation by misusing his government travel charge card, in violation of Articles 121, 134, and 92 of the Uniform Code of Military Justice (UCMJ), 10 USC §§ 921, 934, and 892. The convening authority approved the sentence adjudged by officer members: a bad-conduct discharge, confinement for one year, and total forfeiture of pay and allowances. The Court of Criminal Appeals affirmed the findings and sentence. 55 MJ 563 (2001). We granted review of the following issues:[1]

> I. WHETHER THE LOWER COURT ERRED IN HOLDING THAT PROSECUTION 3 – THE STIPULATION OF FACT FROM APPELLANT'S FIRST COURT-MARTIAL – WAS PROPERLY ADMITTED DURING SENTENCING AS "RELEVANT PERSONAL DATA AND CHARACTER OF PRIOR SERVICE UNDER RCM 1001(B)(2)."
>
> II. WHETHER APPELLANT WAS DENIED A FAIR SENTENCING HEARING WHEN PORTIONS OF PROSECUTION EXHIBITS 1 AND 3, WHICH THE MILITARY JUDGE ORDERED REDACTED, WERE PRESENTED TO THE COURT MEMBERS WITHOUT REDACTION AND WITHOUT THE BENEFIT OF A CURATIVE INSTRUCTION.

We hold that while the trial judge erred in admitting the evidence under RCM 1001(b)(3), Manual for Courts-Martial, United

---

[1] We heard oral argument in this case at the United States Air Force Academy in Colorado Springs, Colorado, as part of the Court's "Project Outreach." See United States v. Allen, 34 MJ 228, 229 n.1 (1992).

States (2000 ed.),[2] the court below did not err in holding the evidence properly admissible as part of appellant's personnel records under RCM 1001(b)(2).  We also hold that the prosecution erred in failing to redact the materials as ordered by the judge, but that such error was harmless.

At sessions held pursuant to Article 39(a), UCMJ, 10 USC § 839(a), trial counsel sought to admit Attachment 9 to Prosecution Exhibit (Pros. Exh.) 1, a copy of the promulgating order from appellant's first court-martial, and Pros. Exh. 3, a stipulation of fact from appellant's prior court-martial.  The charges on which appellant was court-martialed on the prior occasion were unrelated to those in the instant case.  Defense counsel objected to Pros. Exh. 3, arguing that it was (a) cumulative; (b) not necessary to explain the offenses of which appellant had been previously convicted (as shown on the promulgating order); and (c) contained references to uncharged misconduct.  Defense counsel further contended that the seven-page stipulation of fact should be barred after application of the balancing test under Mil.R.Evid. 403, Manual, supra.  Trial counsel countered that Pros. Exh. 3 was admissible to show appellant's rehabilitative potential and to put the prior conviction in context.

---

[2] RCM 1001(b)(3)(A) was amended on April 11, 2002, by Executive Order Number 13262 effective May 15, 2002.  All other Manual provisions cited are identical to the ones in effect at the time of appellant's court-martial.

After conducting a Mil.R.Evid. 403 balancing test, the military judge ruled that Pros. Exh. 3 was admissible, but ordered the redaction of paragraph 12[3] and a portion of paragraph 4[4] of that exhibit.  However, the judge announced that because there was an overlap between the stipulation (Pros. Exh. 3) and the promulgating order (Attachment 9 to Pros. Exh. 1):

> I will inform the court members that the stipulation and the order relate to the same court-martial offenses and that the stipulation is offered only to explain the facts underlying the court-martial order.  If the stipulation helps them to understand the court-martial order, they may consider it.  If it does not, they are free to disregard it.

The military judge then granted the defense motion to redact the sentence and action portions of the promulgating order.

Believing that the ordered redaction had taken place, the military judge instructed the members not to speculate about what information had been redacted, as well as the use to which they could put Pros. Exhs. 1 and 3.  While it is unclear from the record whether the material was redacted, appellant argues that it was not.  Thus, appellant alleges trial counsel erred in giving the unredacted exhibits to the members without the benefit of a curative instruction.

---

[3] Paragraph 12 of Pros. Exh. 3 reads:

> During a lawful consent search of Amn Douglas' dormitory room, numerous insufficient fund checks and past due notices were seized.  Some of the items were in the trashcan, unopened and ripped in half.

[4] The military judge ordered that the words "In order to determine whether or not the stolen credit card was activated" be removed.

United States v. Douglas, No. 01-0777/AF

    The Court of Criminal Appeals (CCA) found that the exhibits in the record of trial had not been redacted in accordance with the military judge's instructions.  Contrary to appellant's assertions, the CCA held that the entire promulgating order, to include its recitation of the sentence and convening authority action which the military judge ordered to be redacted, was relevant and admissible.  55 MJ at 566 (citing United States v. Maracle, 26 MJ 431, 432-33 (CMA 1988)).

    With regard to Pros. Exh. 3, the stipulation of fact, the lower court rejected the rationale of United States v. Bellanger, No. 32373, 1977 WL833874 (A.F.Ct.Crim.App. Oct. 29, 1997)(unpub. op.), and held that "the underlying details of a prior conviction are not admissible as 'evidence of civilian or military convictions' under RCM 1001(b)(3)[.]"  55 MJ at 566. Nonetheless, the lower court found that Air Force regulations required records of trial to be kept through the appellate process;[5] appellant's first court-martial was still under appeal; and Pros. Exh. 3 was relevant data pursuant to RCM 1001(b)(2). Id. at 567.

---

[5] Paragraph 8.5.1, Air Force Instruction 51-201, Administration of Military Justice (2 Nov. 1999), provides:

> "Personnel records of the accused," as referenced in RCM 1001(b) and (d), includes all those records made or maintained in accordance with Air Force directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions, including punishment under Article 15, UCMJ.  The DD Form 493, **Extract of Military Records of Previous Convictions,** may be used to introduce evidence of an accused's previous conviction.

Before this Court, appellant argues that the stipulation of fact (Pros. Exh. 3) concerning the prior convictions was not admissible under RCM 1001(b)(2) or RCM 1001(b)(3). With respect to Issue II, the defense maintains that trial counsel's failure to redact portions of Pros. Exhs. 1 and 3, especially after the military judge told the members that information from Attachment 9 to Pros. Exh. 1 had been redacted, denied appellant a fair trial on sentencing.

## DISCUSSION

The 1984 Manual expanded the information presented to the sentencing authority. The Manual was intended to permit

> the presentation of much of the same information
> to the court-martial as would be contained in a
> presentence report, but it does so within the
> protections of an adversarial proceeding, to which
> rules of evidence apply..., although they may be
> relaxed for some purposes.

Drafters' Analysis of RCM 1001, Manual, supra at A21-69. This expansion of admissible sentencing evidence was reaffirmed in the 2002 amendment to RCM 1001(b)(3)(A). See note 2, supra. The new rule clarifies the term "conviction" and admits relevant evidence of a civilian conviction without necessarily being bound by the action, procedure, nomenclature, of the civilian jurisdictions. Id. at Analysis to RCM 1001(b)(3)(A).

RCM 1001(a)(1) provides: "After findings of guilty have been announced, the prosecution and defense may present matter

6

pursuant to this rule to aid the court-martial in determining an appropriate sentence."  The rule then lists a number of items that may be submitted, including service data, personnel records,[6] and prior convictions.

In United States v. Ariail, 48 MJ 285, 287 (1998), this Court held that while evidence may not be admissible under one rule (i.e., RCM 1001(b)(3) as a prior conviction), that does not preclude its admission under a different rule (i.e., RCM 1001(b)(2) as a personnel record) if the evidence is relevant and reliable.  See United States v. Abel, 469 U.S. 45, 56 (1984).

We agree with the court below that a stipulation of fact contained in the record of trial of a previous court-martial (such as Pros. Exh. 3 in the case at hand) does not qualify as "evidence of a conviction" under RCM 1001(b)(3).  As the dissent notes, there is a split among the service courts concerning information that may be introduced under RCM 1001(b)(3) as evidence of a prior conviction.  __ MJ at (8); see United States v. Brogan, 33 MJ 588, 593 (NMCMR 1991), aff'd on other grounds, 40 MJ 270 (CMA 1994); United States v. Nellum, 24 MJ 693 (ACMR 1987).  These cases deal with stipulations of fact created for

---

[6] RCM 1001(b)(2) states that "trial counsel may ... introduce from the personnel records of the accused evidence of the accused's ... character of prior service....  'Personnel records of the accused' includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused."

use during current, ongoing courts-martial in order to explain the facts, circumstances, and sentence of a prior court-martial. That issue is not before this Court. Here, we are examining the admissibility of a stipulation of fact, previously created for a prior court-martial, that was maintained in appellant's personnel file.

While Pros. Exh. 3 was not admissible under RCM 1001(b)(3), it was properly maintained in appellant's personnel file in accordance with Air Force departmental regulations, reflected appellant's conduct, and was the type of personnel record envisioned by RCM 1001(b)(2). Accordingly, the lower court did not err in finding that Pros. Exh. 3 was an admissible personnel record at the time that it was admitted into evidence in this case.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Douglas, No. 01-0777/AF

BAKER, Judge (concurring in the result):

Issue I presents two questions. First, is a stipulation of fact from a previous court-martial admissible on sentencing as evidence of a prior conviction under RCM 1001(b)(3), Manual for Courts-Martial, United States (2000 ed.)? Alternatively, or in addition, is a stipulation of fact from a previous court-martial admissible on sentencing as a personnel record under RCM 1001(b)(2) if offered as evidence of a prior conviction? I agree with Senior Judge Sullivan's response to these questions and offer the following supplementary comment.

I

RCM 1001(b) establishes guidelines for the prosecution's presentation of presentencing evidence. The rule contemplates the admission of five distinct types of evidence, including evidence of prior convictions of the accused.[1] The non-binding Discussion following RCM 1001(b)(3)(C) allows that such information "may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial." As the lower court identified, the plain language of the rule appears to contemplate, literally,

---

[1] "The trial counsel may introduce evidence of military or civilian convictions of the accused." RCM 1001(b)(3)(A).

evidence of conviction – the fact of conviction – and not an accounting of the underlying acts leading to conviction. However, the Court of Criminal Appeals went too far in holding that the underlying details of a prior conviction are not admissible under RCM 1001(b)(3), even when necessary to explain the nature of the offense. 55 MJ 563, 566 (A.F.Ct.Crim.App. 2001).

Notwithstanding the differences regarding the result in this case, the majority's view of the law should now be clear. A stipulation of fact from a prior conviction may be admissible under RCM 1001(b)(3) where the military judge determines the stipulation is necessary to explain the nature of the prior conviction.[2] However, this should only occur on those rare occasions when the promulgating order or Form 493 does not clearly state the prior offense. Further, it may not be used as a vehicle to develop the facts behind the prior conviction. Finally, even when

---

[2] This may be illustrated with reference to offenses under Articles 133 or 134, Uniform Code of Military Justice, 10 USC §§ 933 and 934, where citation to the article and formulaic citation to the elements would not necessarily afford a member any understanding of the underlying prior offense, from which to draw judgments regarding rehabilitation. See, too, the Army Court's statement in United States v. Nellum that sometimes promulgating orders "are often so abbreviated that they provide virtually no details regarding the offenses to which they make reference." 24 MJ 693, 695 (ACMR 1987)(footnote omitted). In the instant case, the Court of Criminal Appeals similarly observed, "We understand that evidence of a civilian conviction often contains little more than a citation to the statute the appellant was convicted of violating and notice of the sentence imposed." 55 MJ at 566.

2

reasonably necessary to understand the nature of the prior conviction, the military judge must still determine whether, in such a context, the stipulation's probative value outweighs any unfair prejudice to the defendant.  See Mil.R.Evid. 403, Manual, supra.

In the present case, the military judge identified the correct framework[3] and admitted the stipulation as "necessary to explain the facts and circumstances surrounding the offenses."[4]  I disagree with this conclusion, which is diminished by the judge's subsequent

---

[3] The Military Judge ruled:

> . . . dealing with . . . the stipulation of facts from the prior court-martial, what the Army Court of Criminal Appeals in US v. Nellum[,] at 24 MJ 693 and the Air Force Court of Criminal Appeals in the unpublished case of United States [v.] Bellanger, specifically authorized the prosecution to present underlying details of a previous conviction when necessary to explain the nature of the offenses and when the probative value is not outweighed by the danger of unfair prejudice.  I find that the stipulation of fact offered by the prosecution is necessary to explain the facts and circumstances surrounding the offenses.

[4] The judge determined:

> Specifically, as to Charge I, the stipulation explains that the assault occurred on duty but with an unloaded weapon, facts that are not contained in the court-martial order.  In Additional Charge I, the stip shows how the accused attempted to steal.  In Additional Charge II, the stipulation shows how the accused facilitated the larceny by his relationship with the store clerk, again, matters not contained in the court-martial promulgating order.  As to Additional Charges V and VI, the stipulation shows that the accused is guilty as an aider and abettor rather than the actual perpetrator of the offense.  In Additional Charge VII, the stipulation shows to whom the checks were written, again, matters not contained in the promulgating order.

3

admonishment to the members that, "[i]f [the stipulation] helps you in understanding the offenses for which the accused was convicted in his first court-martial, then you may use it for that purpose. If it does not assist you, you are free to disregard it."

The strongest argument for the need for additional details rests with appellant's prior conviction under Article 128, Uniform Code of Military Justice, 10 USC § 928, for committing an assault on one Airman Padron by pointing an M-16 rifle at him. The stipulation alerted the members that this offense occurred while appellant was on duty and with an unloaded weapon. But these are details of potential mitigation and aggravation that should have been considered at appellant's first trial. They are not necessary as evidence of conviction or to explain what the conviction was for at appellant's second trial. Moreover, the introduction of the more detailed stipulation that overlapped the promulgating order ran the risk of directing the members' energy to the prior conviction, rather than guiding them to an appropriate consideration of the present sentence.

Nonetheless, for the reasons cited by Senior Judge Sullivan, I find that the error was harmless. Since the stipulation overlapped the promulgating order, any

4

additional detail that was provided was not of the sort that might prejudice appellant. Some of these additional details may even have been helpful to appellant, e.g., the weapon used during the assault was unloaded; he was convicted as an aider and abettor rather than a principal.

## II.

While the Air Force Court of Criminal Appeals concluded that stipulations of fact are not admissible as records of conviction, the court determined that in this case, the stipulation of fact was admissible as a personnel record of the accused under RCM 1001(b)(2). 55 MJ at 567. Leaving further regulation and interpretation to the branch Secretaries, the President has authorized the prosecution to introduce "from the personnel records of the accused evidence of… character of prior service." RCM 1001(b)(2). Interpreting the term as it appears in all provisions of RCM 1001(b), the Secretary of the Air Force has defined "personnel records of the accused" as "includ[ing] all those records made or maintained in accordance with Air Force directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions, including punishment under Article 15, UCMJ." Para. 8.5.1, Air Force

Instruction (AFI) 51-201, Administration of Military Justice (2 Nov. 1999).

Ordinarily, the views of the service courts interpreting their own service regulations are due deference.  How much deference is due, and at what point this deference dissipates, is subject to interpretation under our case law.  In Moultak and Manuel, this Court suggested that "some deference" was due where the lower court's interpretation was persuasive.  United States v. Moultak, 24 MJ 316, 318 (CMA 1987); United States v. Manuel, 43 MJ 282, 287 (1995).  However, in United States v. Shavrnoch, 49 MJ 334, 338 n.2 (citing Moultak and Manuel), this Court did "not find the court's discussion of the regulation so lacking in merit that we should depart from our traditional approach of giving significant deference to the Courts of Criminal Appeals in the interpretation of the regulations issued by their own departments."  Regardless of the standard of review, I do not find the Air Force Court's reasoning persuasive.

The Secretary of the Air Force has promulgated a thorough Instruction on the operation of the personnel records system within the Air Force, including where pertinent information is kept.  See AFI 36-2608, Military Personnel Records (1 July 1996).  The Instruction includes

6

a table of more than sixty pages listing the forms and other material to be filed in a servicemember's personnel record.  This table describes the disposition of only two pieces of information pertaining to courts-martial: the Charge Sheet (DD Form 458) and "[c]ourt-martial orders containing or reflecting approved findings of guilt . . . ."  Id. at A2.1.78 and A2.1.347.  There is no indication that the Secretary intended the entire record of a previous court-martial, or elements of such a record, to be included as a part of an Air Force personnel record.  The record is, itself, an independent legal document from which information is taken to supplement the personnel record.

Moreover, this question of law ultimately hinges on the meaning of the Rules for Courts-Martial and not Air Force regulations.  The President's decision to provide separate rules addressing "character of service" and "evidence of prior convictions" would be meaningless if evidence of prior convictions could come in as personnel records for the purpose of proving prior convictions.  Otherwise, RCM 1001(b)(2) would swallow all that is referenced in 1001(b)(3), and there would be no need for a more specific rule addressing prior convictions.  Applying the same logic, as Senior Judge Sullivan argues, there would be no limitation on what might come into sentencing

7

evidence through the "personnel record" trap door. Among other things, personnel regulations could permit not only evidence of conviction, but the relitigation of marginally relevant facts and, potentially, even relitigation of acquittals.

Further, the Air Force Court's analysis depends on the fortuitous fact that appellant's appeal was pending. Reliance on this argument would lead to the anomaly that not only would prior convictions receive different treatment between services, but even within the Air Force the nature of prior evidence of conviction would depend on the timing of appeal. In the case of pending appeals, the Government could extend the logic of the Court of Criminal Appeals and seek admission of extensive and irrelevant details to evidence a prior court-martial conviction, whereas, in the case of a finally adjudicated conviction, sentencing evidence would be limited to proof of the conviction alone under RCM 1001(b)(3).

As this Court stated in United States v. Ariail, 48 MJ 285, 287 (1998), "RCM 1001(b)(2) does not provide blanket authority to introduce all information that happens to be maintained in the personnel records of an accused." It still must be relevant, reliable, and credible for the purpose for which it is offered. If that purpose is

8

evidence of prior conviction, then RCM 1001(b)(3) is the applicable rule.

United States v. Douglas, No. 01-0777/AF

SULLIVAN, Senior Judge (concurring in the result):

Unlike the lead opinion, I conclude that the stipulation of fact from appellant's prior court-martial was not admissible as sentencing evidence at his second court-martial. The President has given appropriate guidance as to the types of records (subject to their relevance) that the parties may introduce at this stage of the trial. He has clearly delineated between "[e]vidence of prior convictions of the accused" (RCM 1001(b)(3)) and "[p]ersonal data and character of prior service of the accused." RCM 1001(b)(2). I agree with the lead opinion that the challenged stipulation was not admissible under RCM 1001(b)(3). However, I disagree with the lead opinion that the challenged evidence was admissible under RCM 1001(b)(2).

RCM 1001(b)(2) permits the admission of

> evidence of the accused's marital status;
> number of dependents, if any; and character
> of prior service. Such evidence includes
> copies of reports reflecting the past
> military efficiency, conduct, performance,
> and history of the accused and evidence of
> any disciplinary actions including
> punishments under Article 15 [UCMJ].

This evidence must be taken from "the personnel records of the accused." The plain language of this rule shows that the President did not envision it permitting the introduction of evidence of a prior criminal trial. The obvious intent was to limit it to disciplinary documents traditionally maintained in a servicemember's personnel file.

Moreover, the simple fact that service regulations require that records of trial be kept through the appellate process did not, somehow, magically transform the stipulation of fact from the prior trial into a "personnel record."  A record of trial is not a record "made or maintained in accordance with Air Force Directives . . .." See para. 8.5.1, Air Force Instruction 51-201, Administration of Military Justice (2 Nov. 1999).  Rather, a record of trial has its own independent legal significance and record-keeping requirement.  See Article 54, Uniform Code of Military Justice (UCMJ), 10 USC § 854.

At trial, the Government made no argument that this document was a personnel record.  Moreover, I see nothing in any of the materials presented in connection with this case that required the maintenance of the proceedings of a court-martial in appellant's personnel file (the traditional repository of such records).

Finally, I am left to wonder as to the limits of the lead opinion's approach to this question.  Will records of an investigation under Article 32, UCMJ, 10 USC § 832, or other pretrial proceedings (i.e., the staff judge advocate's pretrial advice) be admitted?  Should the Government be permitted to call witnesses from the prior trial or introduce the entire transcript, including exhibits excluded by the military judge?[*]

---

[*] In response to a question I posed during oral argument, the Government contended that a record of an acquittal would be admissible.  This was somewhat tantamount to a hoary and now discredited tradition that a record of an acquittal should be included in a personnel record as a "favorable" matter.

2

Notwithstanding the above, I do not believe that appellant suffered substantial harm from either this error or the failure of the Government to redact portions of this exhibit and the promulgating order as directed by the military judge. This was appellant's second conviction for the same type of offenses within a five-month period. The record shows that he had the temerity to drive one of the fruits of his crimes, a used Lexus car for which he had uttered a worthless check, to his prior court-martial, thus demonstrating his contempt for the military justice system. (Pros. Ex. 1) The very serious nature of the present offenses, coupled with the admissible evidence of his prior misconduct, rendered the errors noted above harmless under any standard of review. See Art. 59(a), UCMJ, 10 USC § 859(a).

EFFRON, Judge (dissenting):

In the present case, trial counsel sought to introduce evidence of a prior conviction in support of the prosecution's sentencing case. The military judge admitted the evidence, subject to the condition that the trial counsel redact information that the military judge determined to be inadmissible as either irrelevant or potentially confusing. The trial counsel neglected to redact the information before submitting it to the members of the court-martial. Contrary to the ruling of the military judge, the unredacted information was considered during the sentencing deliberation by the members. The members adjudged a sentence that included a punitive discharge, confinement for one year, and total forfeitures.

I agree with Judge Baker and Senior Judge Sullivan to the extent they conclude that the document at issue was not admissible in this case either as a personnel record under RCM 1001(b)(2), Manual for Courts-Martial, United States (2000 ed.), or as a record of a prior conviction under RCM 1001(b)(3). Assuming that the records in question fell within the category of sentencing information potentially admissible under RCM 1001(b), the critical responsibility for determining whether the records were admissible in this case rested with the military judge. The military judge determined that the records were

admissible only if redacted.  The Court affirms appellant's

sentence on the ground that the failure to redact was harmless.

I respectfully dissent in view of the unique aspects of

sentencing by members in the military justice system, the

critical role of the military judge in ensuring fairness during

the adversarial sentencing process, and the adverse sentencing

impact of the information the military judge ordered redacted in

this case.

## I. CONSIDERATION OF PRIOR CONVICTIONS AND PERSONNEL RECORDS DURING SENTENCING

In U.S. district courts, the sentence in noncapital

criminal cases is imposed by the trial judge.  The primary

source of sentencing information is a report prepared by a

probation officer rather than an adversarial evidentiary

proceeding.  See Fed. R. Crim. P. 32.  Sentencing in courts-

martial is quite different, relying on an adversarial process.

See United States v. Cleveland, 29 MJ 361 (CMA 1990).  The

military judge plays a critical role in ruling on the

admissibility of evidence.  Unless the accused has elected a

bench trial, the sentence is adjudicated by the members of the

court-martial.  See RCM 1001.  As the Drafters' Analysis

accompanying RCM 1001 notes:

> Sentencing procedures in Federal
> civilian courts can be followed in courts-

> martial only to a limited degree.
> Sentencing in courts-martial may be by the
> military judge or members. See Article 16
> and 52(b), [Uniform Code of Military Justice
> (UCMJ), 10 USC §§ 816 and 852(b)]. The
> military does not have -- and it is not
> feasible to create -- an independent,
> judicially supervised probation service to
> prepare presentence reports. See Fed. R.
> Crim. P. 32(c).

Manual, supra at A21-69. In terms of the type of information

that may be considered during sentencing, the Analysis states:

> This rule allows the presentation of much of
> the same information to the court-martial as
> would be contained in a presentence report,
> but it does so within the protections of an
> adversarial proceeding, to which rules of
> evidence apply . . ., although they may be
> relaxed for some purposes.

Id. (citation omitted).


## A. HISTORICAL DEVELOPMENT

The current adversarial process reflects the historical

evolution of restrictions on the types of evidence admissible

during sentencing proceedings. Consideration of personnel

records during sentencing is a relatively recent development in

American military law. Until the late nineteenth century,

courts-martial did not receive evidence of prior convictions,

much less adverse administrative information, during the

sentencing process. See William Winthrop, Military Law and

Precedents 387 (2d ed. 1920 reprint). Regulations adopted in

3

1886 authorized consideration of recent convictions during the member's current enlistment for purposes of "inducing or increasing punishment." Id.

Prior to enactment of the UCMJ in 1950, consideration of prior convictions during sentencing generally was limited to offenses committed within an enlisted member's current period of service, or a previous period not terminated under honorable conditions, with the Army imposing a further limitation to convictions occurring within the previous year for enlisted members and within the previous three-year period for others. See paras. 306 and 307, Manual for Courts-Martial, U.S. Army, 1917 and 1921; para. 79c, Manual for Courts-Martial, U.S. Army, 1928 and 1949; paras. 436-41, Naval Courts and Boards, 1937. The Manual did not authorize provision of information for sentencing purposes from personnel records, except for records of conviction, until 1928. Even then, the evidence was restricted to the modest information provided on the first page of the charge sheet regarding "age, pay, and service," as well as prior discharges and former nonjudicial punishment for the same act or omission. Para. 79a and App. 3, 1928 and 1949 Manual.

The 1951 Manual, which implemented the newly enacted UCMJ, imposed similar restrictions on sentencing information, including a three-year limitation on consideration of prior

convictions.  Para. 75b and App. 5, Manual for Courts-Martial, United States, 1951.

Following enactment of the Military Justice Act of 1968, the President issued a comprehensive revision entitled Manual for Courts-Martial, United States, 1969 (Rev. ed.).  The 1969 Manual continued the authority for introduction of data from page one of the charge sheet and use of prior convictions, while increasing the time period for prior convictions from three to six years, removing the current enlistment limitation, and making it clear that convictions were not admissible until appellate review was completed.  Para. 75b, 1969 Manual.

Reflecting the establishment of the military judiciary by the Military Justice Act of 1968, the 1969 Manual added a new authority in paragraph 75d, entitled "Optional matter presented when court-martial constituted with military judge."  Subject to military departmental regulations, this provision authorized the trial counsel to present to the military judge "any personnel records of the accused," a term defined to "include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused."  Id.  The military judge was required to rule on any objections by the accused, and the accused was permitted to submit matter in rebuttal.  In cases tried before members, the military judge was authorized to "admit for their consideration

5

any information from these records which reflects the past conduct and performance of the accused." Id. The Drafters' Analysis noted that this "new paragraph . . . broadens the information to be considered by the sentencing agency in a court-martial," giving the military judge "broad discretion in determining relevance and in ruling on objections to items presented." Dep't. of the Army Pamphlet 27-2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, at 13-6 (July 1970). The Analysis added that "[t]he procedure contemplated by this change is similar to that under Federal Rule of Criminal Procedure 32, dealing with presentencing reports, but it limits items which may be considered to items contained in official records and accordingly puts the accused on notice of what may be considered against him." Id.

The next comprehensive revision of the Manual, issued in 1984, retained the basic provisions of the 1969 Manual's presentencing procedure, while removing both the six-year limitation on prior convictions and the restriction against considering convictions that had not been subject to complete appellate review. See RCM 1001 and A21-61, Manual for Courts-Martial, United States, 1984. With minor changes, the current provisions are similar to the 1969 rules, as modified in 1984. See RCM 1001 and A21-69, Manual (2000 ed.). In the present

Manual, RCM 1001(b)(1) directs the trial counsel to "inform the court-martial of the data on the charge sheet relating to the pay and service of the accused and the duration and nature of any pre-trial restraint." RCM 1001(b)(2) provides:

> Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's marital status; number of dependents, if any; and character of prior service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary actions including punishments under Article 15.
>
> "Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused. If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived.

With respect to prior convictions, RCM 1001(b)(3)(A) states:

> The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

Prior convictions and information from personnel records also may be admissible as evidence of "any aggravating circumstances directly relating to or resulting from the

7

offenses of which the accused has been found guilty," RCM 1001(b)(4), evidence concerning the accused's rehabilitative potential, RCM 1001(b)(5), or evidence in rebuttal of sentencing information provided by the defense, RCM 1001(d). RCM 1001(b) also expressly authorizes defense objections to evidence of prior convictions and other service records on the grounds of inaccuracy, incompleteness, or inadmissibility under the Military Rules of Evidence.

B. ADMISSIBILITY OF PRIOR CONVICTIONS UNDER RCM 1001(b)(3)

According to the nonbinding Discussion accompanying RCM 1003(b)(3)(C), "[n]ormally, previous convictions may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial. See DD Form 493 (Extract of Military Records of Previous Convictions)." The current version of DD Form 493, which has been in effect since 1984, includes information regarding the type of court-martial, a synopsis of the specifications, and the sentence adjudged, as well as a "script" to be used for introducing the form in courts-martial.

There is a split among the lower courts as to the extent of information that may be introduced under RCM 1001(b)(3) as evidence of a prior conviction. The Army court has held that a stipulation of fact may be introduced to explain the

8

circumstances of a prior conviction, United States v. Nellum, 24 MJ 693 (ACMR 1987), while the Navy-Marine Corps court has held that "evidence to explain the detailed facts underlying a prior conviction is inadmissible in the prosecution's case-in-chief during sentencing." United States v. Brogan, 33 MJ 588, 593 (NMCMR 1991), aff'd on other grounds, 40 MJ 270 (CMA 1994) (summary disposition).


### C. INTRODUCTION OF INFORMATION CONCERNING A PRIOR CONVICTION AS A PERSONNEL RECORD UNDER RCM 1001(b)(2)

To be admissible under RCM 1001(b)(2), the record must be: (1) a "personnel record [] of the accused" or a summary or copy thereof; (2) within the category of records authorized by the Secretary concerned to be considered for sentencing purposes; (3) "made or maintained in accordance with departmental regulations"; and (4) reflective of "the past military efficiency, conduct, performance, and history of the accused." In United States v. Ariail, 48 MJ 285, 287 (1998), we held that "[t]he fact that [the prosecution's sentencing evidence] may not meet the criteria for admission under RCM 1001(b)(3) as a prior conviction . . . does not prevent its admission under RCM 1001(b)(2) if relevant and reliable." Our ruling permitted introduction of a civilian conviction listed by the accused on a security clearance form that was maintained as a personnel

record in accordance with departmental regulations, the validity

of which was not challenged by the defense.  We cautioned,

however, that

> RCM 1001(b)(2) does not provide blanket
> authority to introduce all information that
> happens to be maintained in the personnel
> records of an accused.  Personnel records
> may contain entries of questionable
> accuracy, relevance, or completeness.

Id.; cf. United States v. Harris, 56 MJ 480 (2002) (noting the

role of RCM 1001(b)(2) in regulating the admissibility of

personnel records during sentencing); see also United States v.

Vasquez, 54 MJ 303 (2001) (a personnel record containing an

admission of guilt in an unrelated request for discharge in lieu

of court-martial could not be considered during sentencing in

light of the prohibition in Mil.R.Evid. 410 against use of plea

discussions).  The fact that a record might meet the criteria in

RCM 1001(b)(2) as a personnel record of the accused does not

relieve the military judge of the responsibility for determining

whether it is otherwise admissible under the Military Rules of

Evidence.


## II. FACTUAL BACKGROUND


During the sentencing proceedings in the present case,

trial counsel sought to introduce evidence of appellant's prior

conviction for unrelated offenses under RCM 1001(b)(3)

10

("Evidence of prior convictions of the accused").  Trial counsel
did not offer a DD Form 493 or similar record of the
convictions, but instead offered the promulgating order and a
stipulation of fact from the prior court-martial.

Defense counsel opposed admission of the stipulation and
moved to redact portions of the promulgating order, contending
that the material at issue was irrelevant or, in the
alternative, that it presented a danger of unfair prejudice
substantially outweighing any probative value.  See Mil.R.Evid.
402 and 403, Manual (2000 ed.).

The military judge, who granted the defense motion in part,
concluded that portions of the promulgating order should be
redacted as irrelevant.  Specifically, the military judge
concluded that the information regarding the sentence and the
convening authority's action should be redacted under the
particular circumstances of this case, citing the potential for
unnecessary speculation by the members as to reasons for the
convening authority's reduction of the sentence.  See
Mil.R.Evid. 403.  Without defense objection, the remainder of
the promulgating order was admitted as evidence of the prior
conviction.  With respect to the stipulation of fact, the
military judge ruled that although it contained information
"necessary to explain the facts and circumstances surrounding

11

the offenses," it could be admitted only after redacting

material related to uncharged misconduct.

For reasons not explained in the record, trial counsel

failed to redact the material as ordered by the military judge.

The unredacted promulgating order and stipulation were both

provided to the members for consideration during sentencing.

The members sentenced appellant to a bad-conduct discharge,

confinement for one year, and total forfeitures.


III.  DISCUSSION

The lead opinion would affirm this case on the ground that

the evidence, even if not admissible as a prior conviction under

RCM 1001(b)(3), was admissible as a personnel record under RCM

100(b)(2), and that any error in the failure to redact was

harmless.  __ MJ at (2-3).  Assuming the evidence came from a

properly maintained personnel record that was subject to

introduction for sentencing under Secretarial regulations, that

would answer only the question of whether the evidence could

have been introduced if it was otherwise admissible.  It would

not answer the question that is at the heart of the case --

whether the unredacted records should have been used as a basis

for sentencing appellant.  The latter question -- whether the

unredacted records should have been introduced -- was a matter

committed to the discretion of the military judge.  As discussed

in Part I, supra, the rulings of the military judge on sentencing evidence are particularly critical in view of the military justice system's reliance on lay members to adjudicate the sentence in an adversarial setting.  In this case, the military judge ruled that the items of evidence at issue should not be admitted without redactions because of the potential prejudicial effect on appellant.  Neither the lead opinion nor the opinion of the lower court demonstrates that the military judge abused his considerable discretion in reaching this conclusion.

Despite the ruling of the military judge, the potentially prejudicial information was introduced during the sentencing proceeding with no corrective action at the trial level.  There were three distinct elements of appellant's sentence -- a punitive discharge, a year's confinement, and total forfeitures.  Neither the lead opinion nor the opinion of the lower court provides a substantial basis for concluding the uncharged misconduct was so insignificant that the failure to redact had no effect on any part of the sentence.

Appellant convinced the presiding judge at the trial of the potential for prejudice, and the judge attempted to protect his legitimate interests.  We should ensure compliance with the order of the military judge, which was designed to ensure the basic fairness of the sentencing proceeding, by remanding this

case for a rehearing on sentence.  If the prosecution elected to offer the redacted records at such a rehearing, the military judge could make findings of fact and conclusions of law as to whether the redacted records fall within the category of records potentially admissible under RCM 1001(b)(2), whether the records should be admitted into evidence, and whether any further redactions should be made in such records.